In re CHRYSLER MOTORS CORPORA-
TION OVERNIGHT EVALUATION
PROGRAM LITIGATION.

Petition of CHRYSLER MOTORS
CORPORATION.

No. 88–2433.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1988.

Decided Nov. 1, 1988.

W. Stanley Walch, St. Louis, Mo., for appellant.

James Martin, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, ARNOLD and FAGG, Circuit Judges.

McMILLIAN, Circuit Judge.

Chrysler Motors Corp. (Chrysler) has filed a petition for writ of mandamus to direct the District Court[1] for the Eastern District of Missouri to vacate its order requiring co-liaison counsel for the class action plaintiffs to provide a computer tape to the United States Attorney for the Eastern District of Missouri. The government argued that the probation office needs the computer tape to complete its presentence report. Chrysler argues that the computer tape is attorney work product and therefore protected from disclosure. For the reasons discussed below, we agree that the computer tape is protected by the attorney work product doctrine, but hold that Chrysler waived any claim of privilege by voluntarily disclosing the computer tape to its

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern Dis- trict of Missouri.

adversaries. Accordingly, we deny the petition for writ of mandamus.

The order at issue was entered in *In re Chrysler Motors Corp. Overnight Evaluation Program Litigation*, MDL No. 740, twelve consolidated class actions involving claims against Chrysler arising out of Chrysler's former practice of permitting certain categories of Chrysler employees to drive new vehicles with disconnected odometers. Chrysler defended this practice as a quality-control measure. The class actions had been prompted by a 1986 federal indictment charging Chrysler with sixteen counts of mail fraud and odometer fraud. The government alleged that during 1985 and 1986 as many as 60,000 new vehicles had been driven with disconnected odometers as part of Chrysler's Overnight Evaluation Program. In late 1987 the class actions were transferred to and consolidated in the Eastern District of Missouri, where the criminal case was pending. In November 1987 Chrysler and the class action plaintiffs agreed to settle the civil litigation. In December 1987 Chrysler entered a nolo contendere plea to all sixteen counts of the indictment. The district court accepted the plea and ordered preparation of a presentence report by the probation office.

Section 20 of the settlement agreement provided that co-liaison counsel for the class action plaintiffs could undertake a due diligence review of Chrysler's documentation of the vehicles involved in the Overnight Evaluation Program. Chrysler could identify those vehicles by referring to the gate pass issued to each Chrysler-owned vehicle whenever the vehicle left the manufacturing facilities whether as part of the Overnight Evaluation Program or for other company purposes. Each gate pass contained the date of issuance and information about the driver of the vehicle and the vehicle itself, including the last six digits of the vehicle identification number (VIN), as well as the general reason why the vehicle was being driven out of the facility, for example, as part of the Overnight Evaluation Program. Chrysler provided co-liaison counsel for the class action plaintiffs with access to all of the gate passes as part of the due diligence review. The government has also obtained copies of all of the gate passes.

In 1987 counsel for Chrysler began working with a computer services company to design a database using certain data from the gate passes selected by counsel for Chrysler. The computer tape was prepared as part of Chrysler's defense of the criminal case and the class actions. In March 1988 Chrysler agreed to provide co-liaison counsel for the class action plaintiffs with access to the computer tape for the limited purpose of expediting the due diligence review. Chrysler agreed to provide the computer tape on the condition that co-liaison counsel for the class action plaintiffs agreed that the computer tape was attorney work product and that Chrysler's making the computer tape available to co-liaison counsel for the class action plaintiffs did not constitute a waiver of the work product privilege. In a letter dated March 9, 1988, co-liaison counsel for the class action plaintiffs acknowledged these conditions and further noted that "Chrysler understands that the [computer tape] and analyses therefrom may be used in the fairness hearing on the settlement."

In June 1988 the district court modified a protective order entered in the consolidated class actions to permit the government to have access to "any and all documents presently under seal in these consolidated actions" in order to prepare 'for the sentencing hearing. Co-liaison counsel for the class action plaintiffs then filed a motion for clarification in order to determine whether the computer tape should be provided to the government. Chrysler filed a response opposing production on the grounds that the computer tape was attorney work product and thus privileged. In August 1988, after a hearing, the district court vacated its modified protection order in the civil litigation and ordered Chrysler and the class action plaintiffs to establish a documentary depository for all discovery materials, except those in which Chrysler claimed a privilege. On September 3, 1988, the district court entered the order at issue in this case requiring co-liaison counsel for

the class action to provide the computer tape to the government. The district court held that the computer tape was not attorney work product and, even if the privilege applied, the government had shown sufficient hardship to overcome the claim of privilege and, in the alternative, Chrysler had waived any claim of privilege by voluntarily disclosing the computer tape for the class action plaintiffs. *In re Chrysler Motors Corp. Overnight Evaluation Program Litigation,* MDL No. 740, slip op. at 4–6 (E.D.Mo. Sept. 23, 1988) (order).

■ As a preliminary matter, we hold that mandamus is the proper means for Chrysler to challenge the production order on the grounds of attorney work product privilege. *Cf. Diversified Industries, Inc. v. Meredith,* 572 F.2d 596, 607 (8th Cir. 1977) (banc); *see also United States Department of Energy v. Brimmer,* 776 F.2d 1554, 1559 (Temp.Emer.Ct.App.1985), *cert. denied,* 475 U.S. 1045, 106 S.Ct. 1261, 89 L.Ed.2d 571 (1986).

■ Chrysler argues that the computer tape is protected from disclosure by the attorney work product doctrine. *See United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Simon v. G.D. Searle & Co.,* 816 F.2d 397, 400–02 (8th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 268, 98 L.Ed.2d 225 (1987); Fed.R.Civ.P. 26(b)(3). "The work product doctrine was designed to prevent 'unwarranted inquiries into the files and mental impressions of an attorney' and recognizes that it is 'essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.'" *Simon v. G.D. Searle & Co.,* 816 F.2d at 400, *citing Hickman v. Taylor,* 329 U.S. at 510–11, 67 S.Ct. at 393–94.

We agree with the district court that the computer tape is not opinion work product. Slip op. at 6 & n. 6. The computer tape does not itself contain counsel's mental impressions, conclusions or legal theories. Unlike ordinary or fact work product, "opinion work product enjoys a very nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re Murphy,* 560 F.2d 326, 336 (8th Cir.1977); *see also Upjohn Co. v. United States,* 449 U.S. 383, 401, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981); *In re Grand Jury Proceedings,* 473 F.2d 840, 848–49 (8th Cir.1973) (personal recollections, notes and memoranda or conversations with witnesses). Whether the computer tape is ordinary work product is a close question. We think that it is. The computer tape was prepared by counsel in anticipation of litigation and reflects counsel's selection of certain categories of information from the gate passes that counsel believed would be relevant for trial preparation. As such, the computer tape is a "compendium of relevant evidence prepared by the attorney." *In re Murphy,* 560 F.2d at 337. We also think that the government made the requisite showing of substantial need and inability to secure the substantial equivalent without undue hardship to defeat the ordinary work product privilege. The government showed that it needed the information contained in the computer tape to help it to identify all the vehicles in Chrysler's Overnight Evaluation Program and that replication of the computer tape would involve duplication of effort and considerable delay and expense.

■ We need not, however, resolve this issue because we agree with the district court that Chrysler waived any work product protection by voluntarily disclosing the computer tape to its adversaries, the class action plaintiffs, during the due diligence phase of the settlement negotiations. "Disclosure to an adversary waives the work product protection as to items actually disclosed, even where disclosure occurs in settlement." *Grumman Aerospace Corp. v. Titanium Metals Corp. of America,* 91 F.R.D. 84, 90 (E.D.N.Y.1981); *see also Chubb Integrated Systems Ltd. v. National Bank,* 103 F.R.D. 52, 67 (D.D.C. 1984). The fact that Chrysler and the class action plaintiffs may have shared a common interest in settling claims arising out of the Overnight Evaluation Program does not neutralize the act of disclosure because that common interest always exists be-

tween opposing parties in any attempt at settlement. Nor does the agreement between Chrysler and co-liaison counsel for the class action plaintiffs not to disclose the computer tape to third-parties change the fact that the computer tape has not been kept confidential. "Confidentiality is the dispositive factor in deciding whether [material] is privileged." *Chubb Integrated Systems Ltd. v. National Bank,* 103 F.R.D. at 67 (citation omitted). Not only did Chrysler fail to keep the computer tape confidential, Chrysler and the class action plaintiffs even contemplated that the computer tape and the analyses therefrom might be used, and thus disclosed to the public, during the fairness hearing or the settlement hearing.

Judge Fagg agrees that the computer tape is ordinary work product but would hold that Chrysler did not waive the protection of the work product privilege under these circumstances. Nor does Judge Fagg believe the government has made the necessary showing of substantial need and undue hardship to overcome the ordinary work product privilege. Judge Fagg would grant the petition for writ of mandamus.

Accordingly, the petition for writ of mandamus is denied.