**NORTH JERSEY SECRETARIAL SCHOOL, INC., Plaintiff,**

v.

**Robert McKIERNAN, Barbara Heisler Williams, Robert Biehl, Ronald Lipton, and United States Department of Education, Defendants.**

No. 88 Civ. 8033 (RWS).

United States District Court, S.D. New York.

May 17, 1989.

Summit Rovins & Feldesman, New York City, for plaintiff (Ira G. Greenberg and Kathryn J. Fritz, of counsel).

Rudolph W. Giuliani, U.S. Atty. for S.D.N.Y., New York City, for defendants (Nancy L. Savitt, Asst. U.S. Atty., of counsel).

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff North Jersey Secretarial School Inc., d/b/a First School for Careers ("First School") moves to enter a new judgment striking the sanctions provision of the previous judgment awarding sanctions against it for bringing a meritless proceeding against the individual defendants Robert McKiernan, Barbara Heisler Williams, Robert Biehl and Ronald Lipton (the "Employees"), employees of the United States Department of Education (the "Department"). For the reasons set forth below, First School's request is granted.

### Facts

The facts are as set forth in the previous opinion of April 3, 1989, 713 F.Supp. 577.

### Prior Proceedings

After the Department terminated First School's federal funding, First School initiated a hearing before an Administrative Law Judge (the "ALJ") in Washington, D.C. An Assistant Secretary of Education reversed the emergency termination, and the administrative action proceeded. At oral argument, First School's counsel indicated that the ALJ had issued a ruling unfavorable to the school, but that First School had yet to appeal.

First School filed its complaint on November 28, 1988 seeking a preliminary injunction. The request for a preliminary injunction was denied on November 14, 1988.

The Department moved to dismiss the complaint, and to impose sanctions on First School on November 29, 1988. First School then moved to amend and supplement the complaint on February 28, 1989. This court dismissed the amended complaint in its opinion of April 3, 1989 granting leave for a hearing as to the sanctions if requested by either party. A judgment order was submitted and signed April 19, 1989. At First School's request that judgment was then vacated pending the sanctions hearing which was argued and considered fully submitted on April 28, 1989.

### Rule 11 Sanctions

An objectively reasonable inquiry which discloses a reasonable factual basis for a claim does not warrant sanctions under Rule 11. *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2d Cir.1988). Plaintiff First School contends that there were reasonably sufficient facts to support a pleading against the individual defendants alleging a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 and a tortious interference claim. The facts alleged to support the Sherman Act claim show that First School made a reasonable inquiry as to that claim. Only the tortious interference claim against the individual defendants is addressed.

Under the absolute immunity doctrine this court found that the Employees could not be held liable for any allegedly tortious acts because they were clearly acting within the course of their official duties. However, First School argues that until the Attorney General certifies that the Employees' actions were within the scope of their employment, a cause of action could still be maintained against them. First School points to the amendment of 28 U.S.C. section 2679(d) of the federal Employees Liability Reform and Tort Compensation Act of 1988 which states that:

> upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action ... in United States District Court shall be deemed an action against the United States ... and the United States shall be substituted as the party defendant.

Because the Department did not produce evidence of a certification under the statute, First School could reasonably have thought there was a factual basis for the claim. This court therefore declines to impose sanctions against First School for bringing the action against the individual defendants.

For the reasons set forth above, First School's request for a new judgment striking the sanctions provision of the prior judgment is granted.

Submit judgment on notice.

It is so ordered.