**Gordon FISCHER, Plaintiff,**

v.

**SAMUEL MONTAGU, INC., Defendant.**

**No. 87 Civ. 2737 (JMW).**

United States District Court, S.D. New York.

July 26, 1989.

Clarence S. Barasch, New York City, for plaintiff.

Stephen Harnik, Wachtell, Manheim & Grouf, New York City, for defendant.

### MEMORANDUM AND ORDER

WALKER, District Judge:

In a Memorandum and Order dated May 8, 1989, 125 F.R.D. 391, this Court found that defendant Samuel Montagu, Inc. ("SMI") clearly offered its entire defense in bad faith and imposed Rule 11 sanctions against defendant in an amount equal to plaintiff's reasonable costs incurred in bringing this action. The Court also imposed sanctions against defense counsel, Wachtell, Manheim and Grouf, for interposing frivolous counterclaims in this action.

SMI has not filed a motion to reargue the sanctions motion and has represented that it "will abide by whatever the court deems to be a reasonable fee under the circumstances."[1] Plaintiff's counsel, Clarence Barasch, suggests that a reasonable fee would be equal to his contingency agreement with plaintiff: $7,500 retainer fee plus 40% of the recovery of $250,000. Upon review of Barasch's supporting papers, which notably do not include time sheets, the Court finds that a reasonable fee, commensurate with the time and effort expended in bringing this case, would be equal to the $7,500 retainer fee plus 30% of the recovery of $296,875.

Wachtell, Manheim and Grouf have filed a motion for reconsideration of the fees imposed against it with respect to the unlitigated counterclaim. Because plaintiff's sanctions motion did not seek sanctions against Wachtell, Manheim and Grouf, the firm did not previously have an opportunity to establish that it had a good faith basis to sign a pleading containing the counterclaim. The affidavits of Stephen Harnik and Joel Getzler and the accompanying memoranda in support of reargument now establish that defense counsel did conduct an objectively reasonable inquiry which disclosed a reasonable factual basis for the counterclaim and, thus, Rule 11 sanctions are not warranted. *See Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2d Cir.1988). Further, defense counsel's recent submissions present additional facts not adduced at trial and not previously before the Court that establish that the counterclaim was not utterly without merit and was asserted in good faith. *See North Jersey Secretarial School, Inc. v. McKiernan*, 126 F.R.D. 22 (S.D.N.Y.1989) (striking sanctions after plaintiff called to Court's attention facts not previously before Court) (Sweet, J.).

Accordingly, the Court amends its May 8 Order, withdrawing its imposition of sanctions against Wachtell, Manheim and Grouf. The Court allows plaintiff to recover sanctions from the defendant in the amount of $96,562.50 plus interest from the date of judgment.

SO ORDERED.

---

1. Letter from Gary Peterson, General Counsel, Midland Montagu to Steven Harnik, member of Wachtell, Manheim & Grouf, dated May 23, 1989. Harnik Aff., Ex. 1.