Alexander **KHANDJI, individually and in his capacity as next friend for Joyce Khandji and Liana Khandji, Plaintiffs,**

v.

**KEYSTONE RESORTS MANAGEMENT, INC., a Colorado corporation, Defendant.**

Civ. A. No. 91–M–1236.

United States District Court, D. Colorado.

Jan. 28, 1992.

698

W. Harold Flowers, Jr., Richard G. Schneebeck, Holland & Hart, Denver, Colo., for plaintiffs.

Bruce Alford Menk, Hall & Evans, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD M. BORCHERS, United States Magistrate Judge.

THIS MATTER is before the Court on Plaintiffs' motion for order for return of

settlement brochure. A hearing was held on the motion on January 27, 1992. Present were the following counsel: W. Harold Flowers, Jr., attorney for Plaintiffs, and Bruce Menk, attorney for Defendant. The Court heard argument of counsel and then took the matter under advisement.

### I.

Prior to a settlement conference scheduled by this Court, counsel for Plaintiffs voluntarily provided counsel for Defendant with a settlement brochure (the brochure). The brochure contained Plaintiffs' settlement demand, the rationale in support of that demand, and other information which counsel for Plaintiffs hoped would facilitate settlement. Accompanying the brochure was a letter stating that no copies of the brochure should be made and that the brochure should be returned to counsel for Plaintiffs by February 10, 1992. The parties had not previously discussed the brochure or any conditions on its use.

On his receipt of the brochure, counsel for Defendant contacted Plaintiffs' counsel to explain his belief that the conditions set forth in the cover letter made it impossible to communicate effectively with his client and its insurance carrier with respect to settlement. Defense counsel indicated that he did not agree to either condition and intended to copy the brochure and provide copies to his client and its insurance carrier.

Plaintiffs' counsel then wrote a letter demanding the return of the brochure at the time of the settlement conference before the undersigned on December 5, 1991. The parties did not discuss the brochure at the settlement conference and failed to reach an acceptable settlement.

Following the conference, Plaintiffs' counsel sent another letter to counsel for Defendant requesting return of the brochure. The brochure was not returned. Counsel for Plaintiffs now seeks an order from this Court compelling its return. Plaintiffs' counsel contends that the brochure is protected by the attorney work product doctrine and by the copyright laws of Title 17 of the United States Code. (the Copyright Act).

### II.

■ As to the "work product doctrine", Federal Rule of Civil Procedure 26(b)(3) states, in part, that:

> ... [A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of Litigation or for trial by or for another party ... only upon a showing that the party seeking discovery has substantial need of the materials ... In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

The work product doctrine exists to protect the adversary system. It is derived from the notion that "a common law trial is and always should be an adversary proceeding." *Grumman Aerospace Corp. v. Titanium Metals Corp. of America*, 91 F.R.D. 84, 88 (E.D.N.Y.1981), citing *Hickman v. Taylor*, 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451 (1947) (Jackson, J. concurring). The doctrine "rests on the belief that such promotion of adversary preparation ultimately furthers the truth finding process." *Grumman Aerospace*, 91 F.R.D. at 88, citing *United States v. American Tel. & Tel. Co.*, 30 F.R.Serv.2d 503, 519 (D.C.Cir.1980). *See also Republic of Philippines v. Westinghouse Elec. Corp.* 132 F.R.D. 384 (D.N.J.1990); *Fischer v. Samuel Montagu, Inc.*, 131 F.R.D. 379 (S.D.N.Y.1989).

■ Because the work product doctrine is intended to protect the integrity of the adversary system, a voluntary disclosure of information to an adversary constitutes a waiver of the privilege. *In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 860 F.2d 844, 846 (8th Cir. 1988); *Republic of Philippines*, 132 F.R.D. at 390; *Fischer*, 131 F.R.D. at 379; *Center for Auto Safety v. Department of Justice*, 576 F.Supp. 739 (D.C.D.C.1983); *Grum-*

*man Aerospace,* 91 F.R.D. at 90. Such a waiver occurs even when disclosure is made during the course of settlement negotiations. The mere fact that opposing parties may have a common interest in settling claims does not neutralize the fact of disclosure, because that common interest always exists between opposing parties in any attempt at settlement. *Grumman Aerospace,* 91 F.R.D. at 90.

In addition, a waiver of the privilege occurs despite any agreement between the parties to keep the information confidential. Such an agreement does not alter the fact that the work product doctrine has been breached voluntarily. *In re Chrysler Motors Corp. Overnight Evaluation Program Litig.,* 860 F.2d at 847; *Republic of the Philippines,* 132 F.R.D. at 390. Such an agreement may, however, constitute an enforceable contract between the parties. *See Republic of the Philippines,* 132 F.R.D. at 390.

In the present case, Plaintiffs' counsel voluntarily provided the brochure to defense counsel, waiving any potential work product privilege. There was no contract or agreement between the parties regarding conditions on the use of the brochure. In fact, defense counsel specifically informed Plaintiffs' counsel that he did not intend to abide by any limitations on its use. Thus, even if the Court were to find that the brochure is the type of document generally protected by the work product doctrine, it would have to find that any such protection has been waived by the conduct of Plaintiffs' counsel.

## III.

Plaintiffs' counsel further contends that Plaintiffs own a copyright in the brochure. The Copyright Act creates protection for "original works of authorship." 17 U.S.C. § 102(a). Copyright protection begins on creation, that is, when an author has fixed a work in a tangible medium of expression. *Id.* This protection exists regardless of whether the work has been registered with the United States Copyright Office. 17 U.S.C. §§ 102, 408(a).

The brochure may well be an "original work of authorship" entitled to protection under the Copyright Act. Although facts are not copyrightable, compilations of facts are entitled to protection, so long as the selection and arrangement of facts is "made independently by the compiler and entail(s) a minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* —— U.S. ——, 111 S.Ct. 1282, 1287, 113 L.Ed.2d 358 (1991). Thus, it appears that, although Plaintiffs cannot have a copyright on any of the facts contained in the brochure, they do have a copyright on the brochure itself, as its compiler exercised discretion and a minimal degree of creativity in compiling the facts contained therein.

The Copyright Act grants five exclusive rights to copyright owners:

Subject to sections 107 through 118, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

1) to reproduce the copyrighted work in copies or phonorecords;

2) to prepare derivative works based upon the copyrighted work;

3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending;

4) ... to perform the copyrighted work publicly; and

5) ... to display the copyrighted work publicly.

17 U.S.C. § 106. Counsel for Defendant, therefore, is prohibited from making any copies of the brochure or distributing the brochure to any other person. The Copyright Act, however, says nothing about an exclusive right to *possession* of a copyrighted work. Plaintiffs' counsel voluntarily sent the brochure to defense counsel without attempting in advance to secure any agreement on its return. Plaintiffs' counsel has cited no authority for the proposition that the Copyright Act requires defense counsel to return what was given to him, nor has research uncovered any such authority. Plaintiffs' counsel already has voluntarily provided a copy of the brochure

and may not now seek assistance from this Court in recapturing it.

IT IS THEREFORE ORDERED that Plaintiffs' motion for order for return of settlement brochure is denied; and

IT IS FURTHER ORDERED that, although defense counsel need not return the brochure, he is prohibited from reproducing or distributing the brochure or any portion thereof.