456

## CIRCUIT COURT OF LOUDOUN COUNTY

Malone, Administrator

v.

Ford Motor Co. et al.

December 31, 1992

Case No. (Law) 12539

BY JUDGE THOMAS D. HORNE

On October 30, 1992, counsel for the plaintiff filed with the Court a motion to compel certain discovery responses. In their motion they request that the defendants be ordered to properly respond to various interrogatories and requests for production of documents. Defendant, Ford Motor Company, filed a written response to the motion in which it asserts that the motion to compel had been rendered moot as a result of additional discovery having been made available to the plaintiff. Because of time constraints, the parties argued only so much of the motion as related to numbering of various documents furnished by Ford and the production of a copy of all or part of a computerized data base utilized by Ford in responding to the discovery requests.

In their argument and written motion, plaintiff asserts that Ford has produced over 15,000 documents in response to their discovery request. In furnishing these documents plaintiff asserts that:

1. Ford produced the documents without specifying which response they were responsive to.

2. Some documents furnished were furnished in duplicate.

3. Many documents furnished had the same Bates numbers.

4. Ford may have two different codings for its documents.

5. Ford has a computerized database of all documents supplied and not supplied to the plaintiffs.

Therefore, plaintiff asserts that he is entitled to "have a usable copy of the database along with the coding needed to use the database." He concludes his request by asserting that "without such database, there would be no way for Plaintiff to know it received documents relating to all such testing conducted on the vehicle."

In response to the request for access to the computerized database, Ford contends that:

1. The documents which appear to be duplicates with two different Bates numbers are "non-identical" copies of the "same" document and that there are not "two different codings" for the documents.

2. Plaintiff has been furnished a list of which Bates numbers correspond to which discovery requests. This list has been submitted for consideration by the Court in connection with the motion to compel. It is styled "Documents Produced in *Malone v. Ford Motor Company (As of 11/09/92)*". It contains a listing of numbers which relate to documents furnished by it in discovery. These Bates numbers appear under a heading which is intended to reflect the nature and number of the discovery request (interrogatory or request for production).

3. That the "master lists" of Bates numbers are available in the Bronco II Reading Room made available to the Plaintiff. The Reading Room contains over 40,000 pages of documents over which Ford does not claim a work product or attorney-client privilege.

Ford contends the database is protected by the work-product doctrine. In support of their contention, Ford has submitted the affidavit of Arthur T. Anderson, an attorney licensed to practice law in the State of Arizona. In his affidavit, Mr. Anderson relates that he was involved in the development and updating of the computerized document database which is the subject of the instant motion to compel. He states that it was designed as a litigation document and information management system. It is described as, "a litigation information management tool for document identification, organization, summation and analysis." In addition, he states:

> The database contains codes, descriptions and analyses, including the mental impressions, opinions and conclusions of attorneys representing Ford Motor Company. Judgments regarding the selection of the type of information to be extracted from the documents and the methodology to be employed were developed by the attorneys representing Ford in Bronco II rollover litigation.

The Court must find on the evidence before it that the database is work product, protected from disclosure under Rule 4:1(b)(3), Rules of the Supreme Court of Virginia. Therefore, absent a showing by the Plaintiff of substantial need and undue hardship, the database need not be furnished. Even then, the Court would be required to protect against disclosure of mental impressions, conclusions, opinions, or legal theories concerning the litigation.

The Court has received the authorities cited by counsel in argument. They may either be distinguished from the instant case or are corroborative of the Court's decision.

In *Santiago* v. *Miles*, 121 F.R.D. 636 (W.D. N.Y. 1988), the District Court drew a distinction between two classifications of computer generated printouts. One such class related to printouts prepared at the request of counsel in connection with the pending litigation. Such printouts were found protected as "work product." The other category involved printouts, which while useful to the litigation, were nevertheless, prepared for use in the ordinary course of business. These were found not to be protected.

This Court must conclude in the instant case that the computer database falls within the protected class. That is, it was prepared in the preparation of litigation involving the Ford Bronco II. It was prepared under the supervision of practicing attorneys. There is no suggestion that it was used in the design, manufacturing, or marketing of such vehicles.

The Court in *In re Chrysler Motors Corp. Overnight Evaluation*, 860 F.2d 844 (8th Cir. 1988), found that Chrysler had waived any objection to the production of computerized data base by its production in the course of a due diligence review in connection with a class action. Therefore, while it found the data base to be work product, it was not required to address the issue of whether the plaintiff has met its burden of showing substantial need and undue hardship.

In the instant case there is no question that the database constitutes work product. Furthermore, it may reasonably be assumed that certain information contained in the database is absolutely protected from discovery as constituting mental impressions, conclusions, opinions or legal theories of an attorney or party representative. However, the fact that the data contained in the database may be manipulated by the use of codes or commands to easily exclude from production such impressions, conclusions, opinions or theories does not *ipso facto* render the remaining material discoverable. At this

time, waiver has not been raised in support of the motion to compel. To the contrary, the affidavit would support the conclusion that Ford has consistently asserted its proprietary rights in the database.

The Court in *Williams* v. *Owens-Illinois*, 665 F.2d 918 (9th Cir. 1982), found the plaintiffs not entitled to certain computer tapes where the data on the tapes was otherwise made available to them. They concluded that an order barring discovery of the tapes was not an abuse of discretion. Thus, the party seeking discovery was left with utilizing cards rather than tapes even though use of the former may have been "more time consuming, difficult and expensive." *Williams, supra*, at 933.

In the instant case, the use of the index and the Bates numbers assigned to individual documents will undoubtedly be more time consuming than an electronic retrieval system. However, the Court cannot conclude that the information furnished in response to the requests is incomplete or has not been made in good faith. Because trial preparation may be made more difficult does not equate to hardship in case presentation.

Perhaps plaintiff's strongest argument for disclosure of those files and directories not absolutely privileged rests in their contention concerning their ability to gauge the sufficiency of the discovery response absent access to such information. However, it is not enough to suggest that production of the database is necessary to evaluate the adequacy of the response. This Court agrees with the position taken by the Court in *Lawyers Title Insurance Corp.* v. *U.S. Fidelity and Guarantee Co.*, 122 F.R.D. 567, 570 (N.D. Cal. 1988), that:

> The mere possibility that a party might not produce all relevant, unprotected documents, is not a sufficient basis for ordering such a party to disclose its entire computerized system of information management. Nor should the possibility that a lawyer could better frame his discovery requests serve as a sufficient predicate for ordering disclosure of proprietary information about a computer system.

Accordingly, absent a showing that the Defendant has failed to respond adequately and in good faith to discovery requests, that request for production of the database must be denied. There is no showing that conventional discovery, while perhaps more burdensome and costly, has failed to produce the information desired by the Plaintiffs. *Lawyers Title, supra*, at 570.

In the instant case, Ford has made the documents requested available to the Plaintiff. While voluminous, the Court finds that mere inconvenience does not equate to hardship. In addition to the documents, Ford has made available the contents of the Reading Room which has been arranged for Bronco II litigants. Based upon their submission, the Court cannot conclude that Ford has acted in bad faith or that discovery has thus far been less than adequate at this time.

Under Rule 4:1(b)(3), more is needed than good cause for an attorney to open his files, be there a manila folder or magnetic media. *See, Rakes* v. *Fulcher*, 210 Va. 542 (1970). The database need only be produced when the Plaintiff has shown:

(1) That the party seeking discovery has substantial need of the materials in the preparation of his case, and

(2) That he is unable, without undue hardship to obtain the substantial equivalent of the materials by other means.

Plaintiff has failed to meet that burden in the instant motion. Accordingly, the motion is denied. However, to the extent that the use of the Bates numbering system utilized by Ford be ambiguous or misleading, Ford is directed to clarify the use of such numbers for the plaintiff. An example of such clarification is to be found in Ford's response as to "non-identical copies of the same document."