**HARTFORD FIRE INSURANCE COMPANY, Plaintiff,**

v.

**GUIDE CORPORATION, et al., Defendants.**

**No. IP01–0572–C–Y/F.**

United States District Court, S.D. Indiana, Indianapolis Division.

Dec. 3, 2001.

**250**

Martha S. Hollingsworth, Bingham McHale, LLP, Indianapolis, IN, Wayne S. Karbal, Karbal Cohen Economou & Dunne, Chicago, IL, for plaintiff.

Mark A. Goldsmith, Honigman Miller Schwartz & Cohn, Detroit, MI, Maxwell Gray, Lowe Gray Steele & Darko, Indianapolis, IN, Brent W. Huber, Ice Miller, Indianapolis, IN, Michael W. Morrison, Tressler Soderstrom Maloney & Priess, Chicago, IL, Ginny L. Peterson, Kightlinger & Gray LLP, Indianapolis, IN, Linda A. Weaver, Clausen Miller Pc, Chicago, IL, for defendants.

### ENTRY

FOSTER, United States Magistrate Judge.

**On Request for Entry of Stipulated Protective Order (doc. no. 83) and Stipulated Protective Order (doc. no. 82).**

For the following reasons, the Court declines to approve the parties' stipulated protective order at this time.

■ First, the Court suggests that the parties reconsider the proposed order's terms for disclosing "Special Confidential" material under ¶ 4. Special Confidential material is defined as Guide's privileged attorney-client communications and work product, ¶ 2(b), yet disclosure of this material is permitted to the parties, their employees and attorneys, and to many third parties, including adverse third parties. Such disclosures would likely effect a waiver of the privileges. As noted below, while the parties might bind themselves by agreeing to limit waivers of privileges and protections, their agreement cannot bind third parties.

■ Second, the parties cannot, by ¶ 15, determine the grounds on which non-parties may challenge the parties' designations under the protective order. Non-parties may challenge the propriety of the protective order and the parties' specific designations thereunder according to the established legal standards and burdens at the time irrespective of the parties' agreements. This is especially so when the question is the sealing of the official court record on briefing and at trial as provided in ¶¶ 4(d), 9, and 10. In particular, that the parties will "suffer cognizable harm by broader disclosure" of information is not a legitimate ground alone for the Court to order the sealing of discovery materials or the court record.

Third, the parties are advised that ¶ 3(f) may have a more limited scope than they intend. While the parties might be able to bind themselves by agreeing to limit waivers resulting from inadvertent (or deliberate) disclosures, *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.,* No. IP–96–1718–C–H/G, *Entry on Defendants' Motion to Compel Production of Privileged Documents,* 2001 WL 699850, *2–3 (S.D.Ind., May 29, 2001); *Ames v. Black Entertainment Television,* No. 98CIV0226(LMM)AJP, *Opinion and Order,* 1998 WL 812051, *8 (S.D.N.Y., Nov.18, 1998),[1] their agreement cannot limit waivers

---

1. *But see Westinghouse Electric Corp. v. Republic of the Philippines,* 951 F.2d 1414, 1426–27 (3rd Cir.1991); *In re Chrysler Motors Corp. Overnight Evaluation Program Litigation,* 860 F.2d 844, 847 (8th Cir.1988) (work product protection waived by production of documents during settlement negotiations regardless of parties' agreement that production was not a waiver); *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation,* 192 F.R.D. 575, 579, 580 (M.D.Tenn.2000); *Griffith v. Davis,* 161 F.R.D. 687, 699–700 (C.D.Cal.1995) ("waiver occurs despite any agreement by the parties that the information disclosed will remain confidential as against the rest of the world"); *Atari Corp. v. Sega of America,* 161 F.R.D. 417, 420 (N.D.Cal.1994); *Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 480 (S.D.N.Y.1993); 24 Charles Alan Wright and Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5507, p. 579 (1986) ("it has been held that the parties can stipulate that a disclosure is not a waiver and some courts have honored non-waiver clauses imposed by a discovery order. A stipulated non-waiver may be de-

as to third parties, *Chubb Integrated Systems Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 67–68 (D.D.C.1984); *Republic of the Philippines v. Westinghouse Electric Corp.,* 132 F.R.D. 384 (D.N.J.1990), *affirmed on mandamus petition,* 951 F.2d 1414, 1427 (3rd Cir.1991); *Khandji v. Keystone Resorts Management, Inc.,* 140 F.R.D. 697, 700 (D.Colo.1992).

The Court will not approve ¶ 15 of the proposed protective order. If, after reconsideration, the parties elect to proceed with the disclosure provisions for "Special Confidential" material under ¶ 4 and the waiver limitation provision under ¶ 3(f), they may resubmit the proposed protective order accordingly.

fensible as between the two parties inasmuch as they are free to agree between themselves that certain evidence will not be used. But it is questionable whether such agreements should be effective as against third parties. Similarly, since courts cannot change the law of evidence by local rule, it is hard to justify a discovery order that purports to have the effect of altering the law of waiver").