**ATARI CORPORATION, Plaintiff,**

**v.**

**SEGA OF AMERICA, Defendant.**

**No. C93–3781 CW [OEW].**

United States District Court,
N.D. California.

Aug. 23, 1994.

Flehr, Hohbach, Test, Albritton & Herbert, Richard P. Doyle, Jr., San Francisco, CA, Gillin, Jacobson, Ellis & Larsen, Luke Ellis, Ralph Jacobson, Berkeley, CA, for plaintiff.

Banner, Birch, McKie & Beckett, Edward F. McKie, Jr., Nina L. Medlock, Washington, DC, Rogers, Joseph, O'Donnell & Quinn, Pamela Phillips, Kyra A. Subbotin, San Francisco, CA, for defendant.

## ORDER RE DEFENDANT'S MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

WOODRUFF, United States Magistrate Judge.

On June 28, 1994 Defendant Sega of America filed a Motion to Quash a Subpoena and for a Protective Order. Plaintiff filed an opposition on August 5, 1994, and the Court held a hearing on August 23, 1994. After consideration of the parties' briefs, declarations, other evidence, and oral arguments, the Court enters the following order.

### I. BACKGROUND

This action stems from a patent infringement case in which Atari claims infringement of three of its U.S. Patents. One of these, U.S. Patent 4,445,114 ("'114 patent"), was invented by a former employee of Atari, Inc., David Stubben ("Stubben"). Stubben, although a former Atari, Inc. employee and inventor of the '114 patent, is now Sega's expert consultant, hired in anticipation of litigation and not yet designated to testify at trial. In the instant motion, Sega requests that the Court quash Atari's third-party document subpoena to Stubben and limit Stubben's deposition to facts he knew and opinions he held prior to Sega's employment of him as an expert.

Stubben worked for Atari, Inc. from 1979 to 1985. The '114 patent was issued on his invention in 1984, while he was still employed by Atari, Inc. Plaintiff Atari Corporation obtained rights under the patent in January, 1991. Sega asserts that, prior to March, 1990, it employed Stubben, "to perform an infringement determination of the '114 patent ..." (Klitgaard Decl., ¶ 3). On April 28, 1990, Sega videotaped an interview with Stubben ("Stubben interview") regarding "why the Sega products did not infringe the '114 patent ..." (Id., ¶ 6). Atari gave Sega written notice of Sega's alleged infringement of the patent March 22, 1990, and Sega formalized its relationship with Stubben by a written agreement July 12, 1990. (Id., ¶¶ 3–4). On October 19, 1993, Atari filed the instant claim of patent infringement against Sega.

There are two issues to be decided in this motion. First, Sega seeks to quash a third-party document subpoena served on Stubben for "[a]ll documents provided by or on behalf of Sega regarding the U.S. ['114] patent." Atari Corp. states in its papers that it is willing to redefine the scope of the document subpoena to include only those documents Stubben relied upon in forming his opinion, which is included in the video-taped interview of him. As will be discussed, Sega gave Atari a copy of the interview tape at a settlement meeting. The issue of whether Atari is entitled to the documents and to depose Stubben about the tape turns upon whether Sega waived all protection afforded to non-testifying experts by Fed.R.Civ.P. 26(b)(4)(B) by giving Atari a copy of the tape.

The second issue is a limitation on the scope of Stubben's deposition testimony. Both parties agree that Stubben must testify as a fact witness/actor regarding his invention of the patent and any opinions held before he became employed as Sega's expert. In fact, Stubben has already been deposed in a limited capacity. The parties cannot agree about the exact scope of his required testimony.

### II. ANALYSIS

#### A. The Tape and the Document Subpoena

■ Atari and Sega met November 16, 1993 to discuss the case. At that meeting

Edward McKie ("McKie"), counsel for Sega, gave a copy of the Stubben interview tape to Atari's counsel. (Meeting Transcript 53:10–12).

Sega maintains that the November 16 meeting was for settlement purposes only, and all that transpired during it occurred within the context of settlement negotiations. (Klitgaard Decl., ¶ 6). Sega asserts that at the beginning of the meeting, all parties agreed and understood that it was being conducted for settlement purposes only and that any statements made were subject to the provisions of Federal Rule of Evidence 408. (Phillips Decl., ¶ 3).[1] Sega contends that The document subpoena should be quashed, pursuant to Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 26(b)(4)(B), because all material produced at the November 16 meeting was protected from discovery as it was solely intended to facilitate settlement, and the documents requested are also protected by the attorney-client privilege and work product doctrine because of Stubben's status as a non-testifying expert.

Rule 408, of the Federal Rules of Evidence, states that "[e]vidence of conduct or statements made in compromise negotiations is … not admissible." However, Rule 408 "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations …" Fed.R.Evid. 408.

Sega argues that since Stubben was employed as its consulting expert, his opinions, the facts upon which they are based, and the documents Sega has provided him are also protected from discovery by Federal Rule of Civil Procedure 26(b)(4)(B)[2] and under the work product doctrine of Rule 26(b)(3).[3]

Atari contends that Sega furnished the Stubben interview tape as voluntary discovery, thereby waiving any claim of privilege. (Meeting Transcript at 33:2–6 and 34:10–14). Atari claims that, despite the fact that tape was offered at the settlement meeting, it was given within the context of a discussion regarding voluntary discovery. Just before counsel for Sega showed, and then offered a copy of, the Stubben interview tape, he said:

> There's another point that I want to raise into this question of voluntary discovery and how it will go from here. We have a tape which you may or may not have seen, but it is of Mr. Stubben explaining the reasons why he feels that our games do not use the invention of this patent. If you'd like to see that tape, we'd be happy to show it to you right now.

(Ellis Decl., Ex. A: Meeting Transcript at 39:15–20).

Atari offers further proof that the tape was given as voluntary discovery. Atari maintains that the tape itself displayed no markings indicative of Sega's alleged intent to protect it as privileged matter. (Ellis Decl., ¶ 3). Second, Mr. McKie, counsel for Sega,

---

1. The cover sheet of the meeting transcript maintains: "The attendees stipulated that this meeting was conducted for settlement purposes and statements made during the meeting cannot be used against any party." (Klitgaard Decl. Ex. A: Meeting Transcript Cover Sheet). Atari claims that this limiting statement was added unilaterally by Sega and discovered by Atari only when Sega provided a copy of the transcript. (Ellis Decl., ¶ 2). This is an incredible statement as it is clear from the discussion at the meeting that Atari's attorneys invoked the protection of the "settlement rules." (*See* Phillips Decl., Ex. A; Meeting Transcript 16: 4–5 (Statement of Mr. Williams)).

2. Rule 26(b)(4)(B) states:
   A party may, through interrogatories or by depositions, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and

who is not expected to be called as a witness at trial only as provided in Rule 35(b) *only* upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
   Fed.R.Civ.P. 26(b)(4)(B) (emphasis added).

3. Rule 26(b)(3) provides in relevant part:
   Subject to the provision of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable … and prepared in anticipation of litigation or for trial by or for another party … or that party's representative (including the other party's attorney, consultant …) only upon a showing that the party seeking discovery has substantial need of the materials … and … is unable without undue hardship to obtain the substantial equivalent of the materials by other means …

"responded in the affirmative" when later asked by Atari whether the Stubben interview was to be considered part of discovery. (Doyle Decl., ¶ 3; Hunt Decl., ¶ 3). Atari also maintains that April 21, 1994, Richard Doyle, co-counsel for Atari, sent a letter to McKie confirming Doyle's understanding that the documents and videotape produced thus far were discovery. (Doyle Decl., Ex. B). On April 27, 1994, Edward McKie wrote back to Doyle addressing issues related to Doyle's April 27 letter and did not object to Doyle's characterization of the videotape as a product of discovery. (Doyle Decl., Ex. C).

Based on the above, Atari contends that any privilege that the tape may have had was waived by the voluntarily production of the tape. Atari seeks to depose Mr. Stubben on the contents of the tape and to require him to produce all documents, including those given to him by Sega, on which he relied in forming the opinion contained in the tape.

■ The Court finds that the foregoing is sufficient evidence that Sega gave the tape to Atari as voluntary discovery, despite the fact that it was given at the settlement meeting. Any voluntary disclosure inconsistent with the confidential nature of the work product privilege waives the privilege. "[D]isclosure to the adverse party is inherently inconsistent with the adversary system." *Hartford Fire Insur. Co. v. Garvey,* 109 F.R.D. 323, 328 (N.D.Ca.1985). Waiver of a privilege may occur by voluntary disclosure to an adverse party during settlement negotiations, despite any agreement between the parties to keep the information confidential. *In re Chrysler Motors Corp. Overnight Evaluation Program Litigation,* 860 F.2d 844, 847 (8th Cir.1988) (work product privilege of computer tape produced during settlement negotiation waived despite agreement that it was confidential work product and did not constitute a waiver); *Khandji v. Keystone Resorts Management, Inc.,* 140 F.R.D. 697, 699 (D.Co.1992); *Chubb Integrat-*

*ed Systems Ltd. v. National Bank,* 103 F.R.D. 52, 67 (D.D.C.1984); *Grumman Aerospace Corp. v. Titanium Metals Corp. of Amer.,* 91 F.R.D. 84, 90 (E.D.N.Y.1981).

■ Sega claims that even if the Court concludes that it waived its privilege as to the tape itself, the waiver is limited to the tape and not all matters related to its formulation. The cases cited by Sega do not support the proposition for which they are cited, and, in fact, say nothing specifically addressing the matter of limited waiver.[4] Moreover, Ninth Circuit authority counsels this Court to compel the production of the documents underlying the communications Mr. Stubben made in the videotape. *See Weil v. Investment/Indicators, Research and Management, Inc.,* 647 F.2d 18, 25 (9th Cir.1980) (appellate court reversed district court's denial of motion to compel discovery relating to voluntarily disclosed privileged communications).

Therefore, Sega's motion to quash Atari's document subpoena served on Stubben is DENIED. The document request, however, shall be modified to read:

All documents relied upon in forming the opinions stated in David. R. Stubben's videotaped statement given to Sega representatives on April 28, 1992 concerning U.S. Patent 4,445,114.

Sega's motion for a protective order to prevent Atari from deposing Mr. Stubben about the contents of the videotape is likewise DENIED.

### B. The Scope of Stubben's Deposition

■ Rule 26 limits an adversary's ability to extract information from a non-testifying expert retained by the other party in anticipation of litigation. Fed.R.Civ.P. 26(b)(4)(B). Stubben is obviously an expert hired in anticipation of litigation. Prior to March, 1990, Sega employed Stubben to perform an infringement determination of the '114 patent.

---

4. *Burlington Indus. v. Exxon Corp.,* 65 F.R.D. 26, 46 (D.Md.1974) states that a waiver is limited to that "information" disclosed during the negotiations. The court goes on to state, however, that it is mindful that privileges cannot be used as both a sword and a shield. "A party cannot choose to disclose only so much of allegedly privileged matter as is helpful to his case ... Once the party begins to disclose any confidential communication for a purpose outside the scope of the privilege, the privilege is lost for all communications relating to the same matter." *Id.*

(Klitgaard Decl., ¶ 3). Atari gave Sega written notice of Sega's alleged infringement of the patent March 22, 1990, and Sega formalized its relationship with Stubben by a written agreement July 12, 1990. (*Id.,* ¶¶ 3–4). On October 19, 1993, Atari filed the instant claim of patent infringement against Sega.

Rule 26(b)(4)(B), however, "does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." Fed.R.Civ.P. 26(b)(4)(A) (Notes of Advisory Committee on Rules, 1970 Amendment). Additionally, public policy disfavors the utilization of an adversary's former employees as experts in order to stunt discovery. Other courts have held that in situations similar to the one before the Court, "parties could cloak discovery sources in the protective veil of Rule 26(b)(4)(A) and thereby significantly impede the rightful access of their opponents to these sources." *Nelco Corp. v. Slater Electric, Inc.,* 80 F.R.D. 411, 416 (E.D.N.Y.1978).

The parties agree that Mr. Stubben must testify as a fact witness in some capacity because he is the inventor of the patent at issue in the case, but they cannot agree upon the scope of his required testimony.[5]

Specifically, the parties seek a ruling on the following four topics: the nature and scope of the invention, potential alternative configurations, theft of inventiveness, and the significance of various features of the invention.

Atari contends that Stubben's present day opinions and factual knowledge on these topics are subject to discovery because Stubben was an instrumental actor in the underlying dispute and, as the inventor, must have held opinions on these matters before his employment by Sega as an expert.

Sega, on the other hand, asserts that Stubben's testimony regarding these areas will necessarily reveal confidential information and opinions developed in anticipation of litigation. They contend that this testimony is

protected by Rule 26(b)(4)(B) because the same information is available elsewhere, as other experts may adequately provide the data sought, even if Stubben is the best source of the information.

The applicable legislative intent underlying the protective provisions of Rule 26(b)(4) insists that "the mere designation by a party of a trial witness as an 'expert' does not thereby transmute the experience that the expert witness acquired as an actor into experience that he acquired in anticipation of litigation or for trial." *Nelco,* 80 F.R.D. at 414. In fact, as noted above, the Advisory Committee's Notes maintain that the provision protecting material acquired in anticipation or preparation of trial "does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor ... Such an expert should be treated as an ordinary witness." Fed.R.Civ.P. 26(b)(4)(A) (Notes of Advisory Committee on Rules, 1970 Amendment).

Therefore, as the parties substantially agree, an expert may be deposed concerning information acquired or opinions formed prior to his employment by a party. *See Eliasen v. Hamilton,* 111 F.R.D. 396 (N.D.Ill. 1986).

> While the expert's pre-established facts and opinions will often be hard to distinguish from the "acquired and developed" ones, we think the purpose of the rule is to protect from discovery only those facts and opinions the expert has acquired and developed for the client who hired him in anticipation of litigation or for trial.

*Id.* at 403.

Stubben, as a fact witness, may be deposed with regard to knowledge he obtained and opinions he held as an actor. *See Nelco,* 80 F.R.D. at 414; *see also Marine Petroleum Co. v. Champlin Petroleum Co.,* 641 F.2d 984 (D.C.Cir.1979) (former employee of plaintiff is subject to discovery regarding matters of fact or opinion held prior to employment as expert by defendants). That is, Stubben must give his opinions and facts known, except to the extent that they were obtained *exclusively* in anticipation or in preparation

---

5. In fact, Mr. Stubben already has been deposed in a limited capacity.

for trial as an expert for Sega. *Nelco,* 80 F.R.D. at 414. Further, where Atari's discovery "overlaps" information conveyed to Stubben as trial preparation material, Atari is entitled to that information to the extent that Stubben can answer questions without reference to information obtained solely from Sega in anticipation of litigation. The burden of proving an issue is beyond discovery rests squarely with Sega. *Id.*

Regarding Stubben's present-day opinions, only he knows whether he held an opinion on the exact boundaries of the nature and scope of his invention, every particular alternative configuration of his invention or other particular facts and ideas prior to his employment as an expert for Sega. To the extent that he held such opinions before Sega retained him as an expert, he must testify.

To the extent that his present-day opinions are contained in the video-tape addressed above, as discussed, any protection afforded by Rule 26(b)(4)(B) has been waived.

### C. Atari's Claim Regarding Confidential Information Allegedly Used by Stubben to Assist Sega

Plaintiff, Atari Corp., claims that since Mr. Stubben is a former employee of Atari, Inc., a "predecessor of" Plaintiff Atari Corp., Atari Corp. is permitted to ascertain whether Stubben, while employed by Sega, used or disclosed any confidential information obtained during his employment with Atari, Inc.

With regard to this request, Sega contends Stubben never worked for plaintiff Atari Corporation, but for Atari Incorporated. (Steinberg Decl., ¶¶ 2–3). Sega maintains that Atari Corporation has no standing to assert any claim of, nor request information concerning any breach of, Atari, Inc.'s confidentiality because throughout this litigation, Plaintiff Atari Corp. has consistently maintained that "Atari Corp is a separate and independent entity from … Atari, Inc." (Steinberg Decl., Ex. 1 at 2:23–24 (Atari Corp.'s Resp. to Prod. of Docs.)).

Because the Plaintiff has consistently denied its association with Stubben's former employer, its request to compel him to testify as to whether any confidential information was used to assist or disclosed to Sega is DENIED without prejudice to allow the parties to sufficiently brief the issue and present it to the Court in a proper motion.

### III. CONCLUSION

1. Sega's motion to quash Atari's document subpoena served on Stubben is DENIED. The document subpoena is modified to read:

> All documents relied upon in forming the opinions stated in David. R. Stubben's videotaped statement to Sega representatives on April 28, 1992 concerning U.S. Patent 4,445,114.

2. To the extent it is not inconsistent with the waiver of the privileged subject matter included in Mr. Stubben's taped interview, Sega's motion for a protective order as to Stubben's knowledge and opinions acquired *exclusively* as an expert consultant for Sega is GRANTED.

3. Atari's request to compel Stubben to testify as to whether any confidential information was used to assist or disclosed to Sega is DENIED without prejudice to allow the parties to sufficiently brief the issue and present it to the Court in a proper motion.

**IT IS SO ORDERED.**