The **PROCTER & GAMBLE CO.** and The **Procter & Gamble Distributing Company, Plaintiffs,**

v.

**Randy L. HAUGEN, Amway Corporation, et al., Defendants.**

**No. 95–NC–94 K.**

United States District Court, D. Utah, Central Division.

Feb. 8, 1999.

file a collective brief, and FNF Properties may file its own brief.

Tracy H. Fowler, Alan L. Sullivan, David N. Wolf, Kari E. McCulloch, Snell & Wilmer L.L.P., Salt Lake City, UT, Stanley M. Chesley, Fay E. Stilz, Theresa L. Groh, Waite, Schneider, Bayless & Chesley, John E. Jevicky, Carl J. Stich, Jr., Robert Heuck, II, Dinsmore & Shohl, Cincinnati, OH, for The Procter & Gamble Company and The Procter & Gamble Distributing Company.

Joseph J. Joyce, Kirstin A. Van Orman, Strong & Hanni, Salt Lake City, UT, for Randy L. Haugen, Freedom Associates, Inc. and Freedom Tools Incorporated and Steven E. Brady, Stephen L. Bybee, Eagle Business Development, Inc., Ted Randall Walker and Walker International Network.

James R. Sobieraj, Timothy Q. Delaney, Brinks, Hofer, Gilson & Lione, Chicago, IL, Gainer M. Waldbillig, Edwin C. Barnes, Clyde, Snow & Swenson, P.C., Salt Lake City, UT, Michael A. Mohr, Albertus Hultink, Sharon D. Grider, Legal Division, Amway Corporation, Ada, MI, for Amway Corporation.

## MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

The defendant, Amway Corporation, has made a motion to disqualify Dr. Nicholas DiFonzo from acting as an expert witness or consultant for plaintiff Procter & Gamble. DiFonzo was contacted by Amway's attorneys in May 1996 and arrangements were made for an interview and consultation with DiFonzo about matters that could be pertinent to litigation between Amway and Procter & Gamble. Dr. DiFonzo is an expert on rumors. A fee for the consultation was arranged and paid. Consultation between Dr. DiFonzo and Amway's attorneys took place on June 13, 1996. The court has been provided the notes of Amway's counsel of the meeting and consultation. The notes of counsel show that there was extensive discussion of material relevant to the purpose of the consultation. They do not show the discussion or disclose litigation strategy. After the consultation no further consultation or information exchange took place between Amway's counsel and Dr. DiFonzo. There was no arrangement for future contact between DiFonzo and Amway, nor any agreement placing any restrictions on DiFonzo discussing the same subject matter with others. No agreement was made with DiFonzo that he was Amway's expert and he did not consider himself to be such. He had not been consulted by Amway as a expert for involvement in the trial of this case. Two years passed without contact between Amway and DiFonzo. Dr. DiFonzo has not been designated as Amway's expert in this case. There is no evidence that has been presented that would justify a conclusion that DiFonzo was a retained expert in any capaci-

ty by Amway for this litigation. He did not develop any research or data for Amway.

Procter & Gamble contacted Dr. DiFonzo in June 1998 after determining he was a leading expert in the field of rumors, which is matter of substantial significance to this litigation. Counsel asked Dr. DiFonzo questions and determined that he had previously had discussions with Amway's counsel on one occasion in 1996. DiFonzo stated that no confidential information had been disclosed to him. The court finds there is no basis to conclude that any critical litigation strategy of Amway's counsel was discussed with Dr. DiFonzo nor was any express agreement between DiFonzo and Amway made that would restrict DiFonzo in future arrangements with anyone or impose an obligation of confidentiality on him as to the Amway consultation.

Dr. DiFonzo was retained as an expert for Procter & Gamble in August 1998. Procter & Gamble's attorneys have not asked DiFonzo about the content of the meeting between Dr. DiFonzo and Amway's counsel. There is no specific evidence of any particular strategy or important impressions of Amway's counsel having been communicated to Procter & Gamble through DiFonzo, no specific prejudice has been shown. Still Amway contends DiFonzo should be disqualified.

### Federal Rules of Civil Procedure

The Rules of Civil Procedure do not create any privilege or basis for disqualifications in this case. Rule 26(b)(3), F.R.C.P. establishes a work product privilege, but its provision has no application to Amway's motion. Procter & Gamble is not seeking Amway's counsel's work product. Further, there is no work product privilege that always applies and extends to what counsel says to any person who may be consulted during an interview associated with litigation. No document is sought or request for additional information to be developed. What Amway seeks is a limitation on Procter & Gamble's right to use a witness. Amway in essence seeks to keep relevant information from its opponent. This sought after remedy goes beyond Rule 26(b)(3) F.R.C.P. and the doctrine of work product articulated in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Amway's motion claims a

new enlarged scope for protection of attorney work product. The mental impressions of counsel are only incidentally involved as there may have been some communication of counsel's thinking to the expert, although nothing of significance is shown and Amway's deposition of Dr. DiFonzo has not developed anything of significance. To accept Amway's position extended to its ultimate, end would extend a work product protection and potential disqualification to any possible witness that an attorney may speak to. No such limitation exists under the work product doctrine of Rule 26(b)(3) F.R.C.P.

Another rule that could be asserted on this issue is Rule 26(b)(4)(B) F.R.C.P. It provides a party may "discover facts known or opinions held by an expert, who has been retained or specifically employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial ..." The rule then sets special circumstances when such an expert can be deposed or discovery had from the person. This rule has no application in this case since the matter before the court is not one of discovery of a protected or unwilling expert. It involves the use of a willing witness at trial, which the rule does not really address.

Some courts have held an ex parte contact by one party of another party's expert while the expert is still employed is a violation of Rule 26(b)(4)(B) F.R.C.P. *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 26 (9th Cir. 1980); *Durflinger v. Artiles*, 727 F.2d 888, 891 (10th Cir.1984). This is not based on the language of Rule 26(b)(4)(B) but on a rule of fairness. See *Healy v. Counts*, 100 F.R.D. 493, 495 (D.Colo.1984). In addition, the 1970 comments to the rule indicated the rule "is concerned only with experts retained or specifically consulted in relation to trial preparation." Those experts "informally" consulted are not subject to the discovery rule. The distinction between formal and informal consultation was alluded to to some extent in *Durflinger v. Artiles*, supra. In that case, the court held the trial judge was justified in excluding defendants' expert where on finding that plaintiffs were not going to call the witness. The defendants

contacted the witness and received a copy of the report the witness has prepared for plaintiffs. The court first said the matter of disqualification was within the discretion of the trial judge. *Id.*, 727 F.2d at 891. The witness had been retained and consulted by plaintiff as an expert and had been listed as an expert witness for plaintiff. A report had been prepared for plaintiffs. A decision was then made by plaintiffs not to call the expert. The court, referring to Rule 26(b)(4)(B) F.R.C.P., said the rule is designed to promote fairness. The court held the discovery standards of Rule 26(b)(4)(B) applied in the case. The court also said, "In different circumstances we recognize that a trial judge might not be required to exclude the testimony of a witness consulted in violation of the rules of discovery." *Id.* The court referred to its prior opinion in *Ager v. Jane C. Stormont Hosp. & Training School*, 622 F.2d 496, 502 (10th Cir.1980), also discussing the requirements for discovery under Rule 26(b)(4)(B). In *Ager* the court referred to the rule as one "concerning an expert who is "retained or specifically employed," but not as an witness." *Id.* at 503.

There is no provision in the rules relating to an expert who was informally consulted. Such persons cannot be discovered or deposed under Rule 26(b)(4)(B); *Ager*, supra; Charles Alan Wright, Arthur R. Miller & Richard L. Marcus *Federal Practice and Procedure* § 2033 (1994). However, they are discoverable by independent investigative methods and subject to Rule 45, F.R.C.P. This creates a different procedure and concept in actual practice *Ager*, supra, at 501. The danger here is that unless such persons are deemed available to all parties, one party by mere informal consultation, restrict access to knowledgeable experts. This would seriously defeat the quest for truth and promote a privilege without purpose and one susceptible to corrupt use. A determined party could monopolize an opponent's access to witnesses by consulting relevant experts but not using them.

In this case, there is no showing that Dr. DiFonzo developed any special information from Amway for trial in this litigation. It is apparent from his deposition and Amway's counsel's notes that Dr. DiFonzo's information was developed independent of this or other litigation based on his previous expert activities. See *Atari Corp. v. Sega of America*, 161 F.R.D. 417, 421 (N.D.Cal.1994). The court concludes the circumstances of the relationship between Amway and Dr. DiFonzo and Procter & Gamble and Dr. DiFonzo are outside the governance of Rule 26(b)(4)(B) or any other provision of the Federal Rules of Civil Procedure. See Note, *Must The Show Go On? Defining When One Party May Call or Compel an Opposing Party's Consultative Expert To Testify*, 78 Minn.L.Rev. 1191 (1994). An independent legal standard must be applied. Id.

■ If the Rules of Civil Procedure do not provide a basis for disqualification or recognition of confidentiality under the circumstances of this case, any basis for disqualification must be found in some judicially created rule of fairness based on the need to protect the claimed confidentiality interest of Amway. It should be underscored that to recognize such protection and allow disqualification frustrates the truth and deprives the litigation of relevant evidence. A party is not prohibited from calling an expert who may have consulted with the other side. *Riley v. Dow Chemical Co.*, 123 F.R.D. 639 (N.D.Cal.1989) (consultations by expert witness not retained). The mere payment for consulting time does not make an expert *per se* a "retained" expert. The whole relationship must be examined to determine whether Rule 26(b)(4)(B) has application or whether an independent rule of evidence, by which disqualification is to be determined, should be applied.

■ Where the federal discovery rules have no application, and there is no retained consultant relationship, the court should be very reluctant to impose disqualification. It should be a rare situation where such a result is imposed. *Koch Refining Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178, 1181 (5th Cir.1996). A balancing of interests must be made, and a demonstration of circumstances warranting disqualification must be shown. In Wigmore, *Evidence* § 2285 (McNaughton Rev.) (1961) four criteria were set forth for a confidential communication

**414**

privilege: (1) The communication must originate in confidence that it will not be disclosed. This would be an appropriate consideration for disqualification of an expert witness if the communication were under such an understanding. (2) The elements of confidentiality must be essential to the full and satisfactory relations between the parties. This is also an appropriate factor on the present issue but not as critical or central to the disqualification claim as to a claim privilege. Confidentiality may not be essential in relation to an expert but may be something that is appropriate. (3) The relation must be one which in the opinion of the community ought to be sedulously fostered. The community opinion is not important, but the issue of confidentiality ought to be such that it should be sedulously fostered to the exclusion of the production of the evidence that is important to the litigation. (4) The injury that would occur to the relation by the disclosure must be greater than the benefit gained for the correct disposal of the litigation. The balancing is apropos to the status of an consulting expert and to a motion for disqualification. It is a balancing of interests that goes to the issue of "fairness."

In *Koch*, supra, the court addressed disqualification of an expert and spoke in terms of a showing of an objectively reasonable confidential relationship, disclosure of confidential information, and that disqualification would further public policy. *Koch*, 85 F.3d at 1180. Other courts have adopted similar standards with some variation. *Wyatt By and Through Rawlins v. Hanan*, 871 F.Supp. 415 (M.D.Ala.1994); *English Feedlot Inc. v. Norden Laboratories*, 833 F.Supp. 1498 (D.Colo.1993). Each party to the communication or consultive relationship must understand the obligation of confidentiality which should normally be spelled clearly, precisely, and, if possible, in writing. See *Wang Laboratories, Inc. v. Toshiba Corporation*, 762 F.Supp. 1246, 1250 (E.D.Va. 1991). The other party seeking subsequent consultation from the expert should be informed or made aware of the prior consultation and the fact of the expert's obligation of confidentiality. The imposition by agreement of an obligation of confidentiality must be in good faith and to foster a *necessary* relationship to the litigation. Finally, the interest in disqualification must substantially outweigh the interest in non-disclosure and disqualification of the expert. Examination for some legitimate claim of prejudice to the party seeking disqualification of the expert from trial is appropriate.

Applying these standards to Amway's present motion for disqualification, the court concludes Dr. DiFonzo should not be disqualified. DiFonzo was consulted, not retained, no strategic thoughts or impressions of counsel were communicated to DiFonzo and passed on to Procter & Gamble's counsel. No real prejudice has been shown that would justify the disqualification of Dr. DiFonzo no obligation of confidentiality was imposed by Amway which would, in the course of events, have been communicated by DiFonzo to Procter & Gamble. Finally, the interests of proper resolution of the dispute between the parties is best served by receiving Dr. DiFonzo's evidence. There is no interest served by disqualification except formality and the exclusion of relevant evidence. The balancing of interest favors Dr. DiFonzo's evidence being available for trial or pretrial use.

**IT IS SO ORDERED.**