Eugene MAYER, Plaintiff,

v.

Donald L. DELL, et al., Defendants.

Civ. A. No. 90–0472 JHG/DAR.

United States District Court,
District of Columbia.

Oct. 1, 1991.

Barbara S. Wahl, Washington, D.C., for plaintiff.

George H. Mernick and Thomas M. Patton, Washington, D.C., for defendants.

## MEMORANDUM OPINION

DEBORAH A. ROBINSON, United States Magistrate Judge.

*Background*

Plaintiff is a former professional tennis player. In this action, he alleges that defendants, the individuals and entities engaged by him to manage his earnings, invested approximately two million dollars of his earnings in investments which he contends are now worthless.

Currently pending for resolution by the undersigned is plaintiff's Motion to Disqualify. In it, plaintiff seeks to disqualify John Little, a certified public accountant, and the firm of Ernst & Young, in which he is a partner, from acting as defendants' consulting or testifying witnesses. In support of the motion, plaintiff maintains that his counsel and Mr. Little had a "confidential relationship" and that plaintiff's counsel disclosed to Mr. Little "sensitive work product information about the plaintiff's case." Motion to Disqualify at 1. Plaintiff contends that counsel's confidential relationship with Mr. Little and Mr. Little's receipt of privileged information create "an insurmountable conflict of interest compelling disqualification." Memorandum of Points and Authorities in Support of Plaintiff's Motion to Disqualify Ernst & Young From Acting as Defendant's Consulting or Testifying Expert (hereinafter "Plaintiff's

Memorandum") at 1.[1]

In an effort to establish both the existence of a confidential relationship and the disclosure of privileged information, plaintiff offers the affidavit of his counsel, Barbara Wahl. Ms. Wahl, in her affidavit, indicates that she and her colleague had a single meeting with Mr. Little and his colleague; she represents that she informed Mr. Little and his colleague, at the outset of the meeting, that "the matters we're going to discuss were protected by the work product doctrine" and "requested that they keep confidential the matters that we were going to discuss." Affidavit of Barbara S. Wahl (hereinafter "Wahl Aff."), paragraph 2. Ms. Wahl states that Mr. Little and his colleague "indicated that they understood attorney work product and agreed not to disclose the substance of our discussions." *Id.* Plaintiff relies principally upon *Wang Laboratories, Inc. v. Toshiba Corp.*, 762 F.Supp. 1246 (E.D.Va.1991), in support of the proposition that disqualification of Mr. Little and of Ernst & Young is required. Plaintiff's Memorandum at 2–3.

Defendants, in their written opposition, maintain that plaintiff has not met his burden of establishing either the existence of a confidential relationship between plaintiff's counsel and Mr. Little or the disclosure to Mr. Little by counsel of privileged information. *See* Defendants' Opposition to Plaintiff's Motion to Disqualify (hereinafter "Defendants' Opposition") at 4. In response to the facts proffered by plaintiff in the memorandum in support of his motion and accompanying affidavit of counsel, defendants offer the affidavit of Mr. Little. Significantly, Mr. Little disputes that plaintiff's counsel told him that she believed their conversation would be governed by the attorney work product privilege (Affidavit of John M. Little, hereinafter "Little Aff.," paragraph 7); he also disputes that

plaintiff's counsel told him anything which he would deem privileged, such as plaintiff's litigation strategy (Little Aff., paragraph 4).

Defendants maintain, and plaintiff, in his reply memorandum, does not dispute, that the following facts are undisputed: (1) Mr. Little had but one meeting with plaintiff's counsel; (2) Mr. Little was never retained by plaintiff; (3) the only document ever given to Mr. Little by plaintiff's counsel was the complaint; (4) Mr. Little did no work for plaintiff; (5) he was never asked by plaintiff's counsel to sign a confidentiality agreement; (6) he received no fee from plaintiff; and (7) he was never asked by plaintiff for a commitment that he not be retained by defendants. Defendants' Opposition at 5. Defendants contend that given these undisputed facts, plaintiff's reliance on *Wang* and the other authorities cited in his memorandum is misplaced. Defendants' Memorandum at 6–7.

At the hearing, plaintiff relied solely upon counsel's affidavit in support of his motion. Counsel stated that she took detailed notes during her meeting with Mr. Little, but that her notes do not reflect either her request for confidentiality or Mr. Little's agreement to hold the matters discussed in confidence. Neither the notes nor any other evidence was offered, even for *in camera* review, in an effort to demonstrate that any of the information disclosed by plaintiff's counsel to Mr. Little was privileged. Defendants conceded that plaintiff need not show that he retained Mr. Little in order for the court to find the existence of a confidential relationship between them, and acknowledged that plaintiff was required to show only a "meeting of the minds" between them. Defendants maintained, however, that plaintiff had failed to show either the existence of a confidential relationship or the disclosure of privileged information.

---

1. Plaintiff, in his motion, sought disqualification of Mr. Little on the additional ground of the relationship between Ernst & Young and plaintiff's counsel's law firm: the firm of Ernst & Young is the outside auditor of Arent, Fox, Kintner, Plotkin & Kahn. At the hearing, however, plaintiff withdrew the latter ground.

*Discussion*

Determination of whether disqualification of an expert on the ground of the expert's prior relationship with the party seeking disqualification requires that the court undertake the following inquiry:

> First, was it objectively reasonable for the first party who claims to have retained the [expert] to conclude that a confidential relationship existed?
>
> Second, was any confidential or privileged information disclosed by the first party to the [expert]?

*Wang Laboratories, Inc. v. Toshiba Corp.,* 762 F.Supp. at 1248, citing *Paul v. Rawlings Sporting Goods, Co.,* 123 F.R.D. 271, 278 (S.D.Ohio 1988). If the answers to both inquiries are affirmative, then disqualification is compelled; if, on the other hand, the answer to either inquiry is negative, disqualification may not be warranted. *Wang Laboratories, Inc. v. Toshiba Corp.,* 762 F.Supp. at 1248. Disqualification ordinarily should not occur where a confidential relationship existed but no privileged information was communicated, or, alternatively, where no confidential relationship existed but privileged information was nonetheless disclosed. *Id; Paul v. Rawlings Sporting Goods, Co.,* 123 F.R.D. at 278. The party seeking disqualification bears the burden of establishing both the existence of a privilege and its non-waiver. *Nikkal Industries, Ltd. v. Salton, Inc.,* 689 F.Supp. 187, 191 (S.D.N.Y.1988); *see Wang Laboratories, Inc. v. Toshiba Corp.,* 762 F.Supp. at 1248 (disclosure of privileged information in the absence of a confidential relationship essentially a waiver of any existing privilege).

Upon consideration of the first component of the two-step inquiry, the court finds that it was not reasonable for plaintiff to conclude that a confidential relationship existed between plaintiff's counsel and Mr. Little. Plaintiff's counsel never proffered a confidentiality agreement for Mr. Little's consideration nor sent a letter after their single meeting confirming any under-standing regarding confidentiality; indeed, counsel, in her contemporaneous notes of the meeting, memorialized neither a request of Mr. Little for confidentiality nor any acknowledgment by Mr. Little of any such request. Plaintiff's counsel, at the meeting, neither proffered to Mr. Little any document relevant to the case other than the complaint, nor sought to utilize his services. The evidence offered by plaintiff thus warrants the conclusion that plaintiff's counsel's single meeting with Mr. Little and his associate was no more than a consultation to permit both plaintiff and Mr. Little to determine whether Mr. Little might later be retained.[2]

The facts offered here thus stand in marked contrast to those before the courts in the cases on which plaintiff relies. *See* Plaintiff's Memorandum at 2–3. In *Wang Laboratories,* the court relied upon two letters from counsel for the moving party to the expert, the first accompanied by documents selected by counsel and a memorandum prepared by him, and the second accompanied by additional documents prominently identified by counsel as "CONFIDENTIAL ATTORNEY–WORK PRODUCT." There, the court found that "[the expert's] silence in the face of receiving this information [reinforces] the reasonableness of [counsel's] assumption that a confidential relationship existed." *Id.* at 1249. Similarly, in *Conforti & Eisele v. Division of Building and Construction,* 170 N.J.Super. 64, 405 A.2d 487 (1979), the court disqualified an expert who had been retained by the moving party in related litigation, consulted on several occasions with respect to aspects of the pending litigation and given "a substantial amount of trial strategy[.]" *Id.* 405 A.2d at 488–490. In contrast, with respect to a circumstance in which, as here, the expert met but once with counsel, was not retained, was not supplied with specific data relevant to the case and was not requested to perform any services, a reviewing court found that the evidence "supports the findings that the meeting was a type of informal consulta-

---

**2.** Among the matters discussed at the meeting was "the potential opportunity for me and my firm to provide expert opinions on … matters [related to plaintiff's claims]." Little Aff., paragraph 4.

tion rather than the commencement of a long term relationship." *Nikkal Industries, Ltd. v. Salton, Inc.*, 689 F.Supp. at 190.

Given the negative response to the first component of the two-step inquiry, the second—whether any confidential or privileged information was disclosed to the expert—need not be made considered. *See Wang Laboratories, Inc. v. Toshiba Corp.*, 762 F.Supp. at 1246 (disqualification likely inappropriate if response to either inquiry is negative). However, even assuming, *arguendo*, an affirmative determination of the first inquiry, the court finds no persuasive evidence with respect to the second. Plaintiff relies solely upon counsel's affidavit in an effort to demonstrate that information privileged by reason of the attorney work-product privilege was disclosed to Mr. Little. However, the affidavit contains but one conclusory sentence concerning disclosures by counsel to Mr. Little. The undersigned cannot find that discussion of "plaintiff's strategy in the litigation, the kinds of experts [plaintiff] expected to retain, plaintiff's view of the strengths and weaknesses of each side, the role of each of the plaintiff's experts to be hired and anticipated defenses[,]" *see* Wahl Aff., paragraph 3, revealed privileged information; indeed, plaintiff's counsel, at the hearing, conceded that discussion of those issues does not necessarily implicate the attorney work-product privilege. Plaintiff does not contend that she identified any disclosure as privileged. *Cf. Wang Laboratories, Inc. v. Toshiba Corp.*, 762 F.Supp. at 1247, 1249 (written communication by counsel to expert prominently labeled confidential). In sum, plaintiff has shown no more than "a flow of information which was essential technical." *Nikkal Industries, Ltd. v. Salton, Inc.*, 689 F.Supp. at 191. Such disclosures, without more, cannot be considered privileged. *Id.* at 192.

*Conclusion*

For the foregoing reasons, plaintiff's Motion to Disqualify will be denied.