**Bonnie PALMER, et al.**

v.

**Erdogan R. OZBEK, M.D., et al.**

**No. L–91–2030.**

United States District Court,
D. Maryland.

Aug. 25, 1992.

John P. Zanelotti, Landover, Md., for plaintiffs.

Susan T. Preston and Donald L. DeVries, Jr., Baltimore, Md., for defendant Ozbek.

S. Allan Adelman, Rockville, Md., for defendant Anne Arundel Hosp. & Med. Ctr., Inc.

Andrew E. Vernick, Annapolis, Md., for defendant Hoffman.

### MEMORANDUM

LEGG, District Judge.

In this case the Court is called upon to decide the Plaintiffs' Motion to Exclude Expert Witness Dr. McCay Vernon pursuant to Fed.R.Civ.P. 26(b)(4)(B). A number of papers have been submitted by the parties in reference to said motion.[1] The Court has considered these papers and

---

1. These papers include Plaintiffs' May 27, 1992 Motion to Exclude Expert Witness, Defendant Ozbek's June 12, 1992 Answer and Opposition, and Defendant Hoffman's July 2, 1992 Opposition.

finds that there is no need for a hearing. *See* Local Rule 105.6 (D.Md.1989). Plaintiffs argue that Defendants cannot utilize Dr. Vernon as an expert because of a two-hour consultation between Dr. Vernon and two of Plaintiffs' experts which took place in September 1991. For the reasons set forth below, the motion to exclude Dr. Vernon is DENIED by separate order.

## I. DISCUSSION

Nothing in the language of Fed.R.Civ.P. 26(b)(4)(B) [2] precludes a party from retaining an expert previously consulted by his opponent. *Riley v. Dow Chemical Co.*, 123 F.R.D. 639, 640 (N.D.Cal.1989). Few courts have confronted this issue, and the Fourth Circuit has yet to rule on the question. Among the cases which address conflict of interest problems regarding experts are: *Great Lakes Dredge and Dock Company v. Harnischfeger Corp.*, 734 F.Supp. 334 (N.D.Ill.1990) (third-party defendant's expert not disqualified although he worked for same company as plaintiff's expert and supervised plaintiff's expert); *Paul v. Rawlings Sporting Goods Company*, 123 F.R.D. 271 (S.D.Ohio 1988) (expert witness briefly consulted by defendant not disqualified from testifying for plaintiffs); and *Conforti & Eisele, Inc. v. Div. of Bldg. and Constr.*, 405 A.2d 487, 170 N.J.Super. 64 (1979) (expert originally hired by defendant who was privy to confidential communications and trial strategy of defendant barred from later testifying for plaintiff).

■ Courts are generally reluctant to disqualify expert witnesses, especially those like Dr. Vernon who possess useful specialized knowledge.[3] *See, e.g., Great Lakes*, 734 F.Supp. at 339.[4] The focus of the Court in situations of potential conflict is two-fold: the Court must determine "whether the attorney or client acted reasonably in assuming that a confidential or fiduciary relationship of some sort existed [with the expert], and, if so, whether the relationship developed into a matter sufficiently substantial to make disqualification or some other judicial remedy appropriate." *Paul*, 123 F.R.D. at 278. Thus, if a relationship was formed between Dr. Vernon and Plaintiffs, the key question is whether Dr. Vernon "had reasonable access to [Plaintiffs'] privileged communications and strategies which would cause prejudice to [Plaintiffs] if disclosed to [Defendants]." *Paul*, 123 F.R.D. at 277. *See also Conforti & Eisele*, 170 N.J.Super. 64, 405 A.2d 487 (1979).

■ Applying this test to the present situation, the Court finds that Dr. Vernon should not be precluded from testifying as an expert for the defense for the following reasons:

(i) Dr. Vernon was never contacted directly by Plaintiffs' counsel nor retained as an expert by Plaintiffs. (Vernon Aff. ¶ 2.) Plaintiffs' counsel did not form a confidential or fiduciary relationship with Dr. Vernon.

(ii) Dr. Vernon's contact with Plaintiffs was limited to a two-hour meeting in September 1991 with two of Plaintiffs' experts. Plaintiffs' counsel neither initiated nor attended the meeting. There was no further consultation of Dr. Vernon by Plaintiffs' experts. (Vernon Aff. ¶ 3, ¶ 5.)

---

2. Fed.R.Civ.P. 26(b)(4)(B) provides:

    A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

3. Dr. Vernon is a nationally recognized expert on the psychological needs and characteristics of hearing impaired children.

4. Another factor mitigating against the disqualification of expert witnesses is that "if experts are too easily the subject of motions to disqualify, unscrupulous attorneys or clients will be encouraged to ... create some type of inexpensive relationship with ... experts, simply in order to keep them away from the other side." *Paul*, 123 F.R.D. at 281–282. No bad faith has been alleged regarding Plaintiffs' contact with Dr. Vernon, however, and the Court need not address this issue.

(iii) No confidences or trial strategies were disclosed to Dr. Vernon at the September 1991 meeting. Although Dr. Vernon was exposed to medical information concerning Dean Palmer at the meeting, this information was discoverable by defendants pursuant to Fed.R.Civ.P. 26(b)(1) [5] and did not constitute potentially prejudicial confidential information.

(iv) Dr. Vernon was not plaintiff Dean Palmer's treating physician, and the opinions, if any, that he formed regarding Dean Palmer were based solely upon the child's medical records. It would, therefore, not be a breach of trust for Dr. Vernon to testify for the defendants.

## II. CONCLUSION

Accordingly, the Court DENIES, by separate order, Plaintiffs' motion to exclude Dr. Vernon from testifying on behalf of the defense. It is so ORDERED.

---

**5.** Fed.R.Civ.P. 26(b)(1) states, in part:
... (p)arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action....