# Ambrosia Coal and Construction Co. v. People's Bank of Western Pennsylvania

C.P. of Lawrence County, no. 10707 of 1994, C.A.

*Frank G. Salpietro*, for plaintiffs.
*Gary P. Hunt,* for defendants.

PRATT, *P.J.,* April 5, 2002—Plaintiffs, in this civil case, filed a complaint against the defendants on July 31, 1996. In June 2001, plaintiffs filed an "emergency motion to disqualify defendants' expert witness and prevent disclosure of confidential information." In their motion, plaintiffs alleged that defendants' expert, the John T. Boyd Company, should be disqualified, because Boyd performed mining and geological consulting services for plaintiff Ambrosia Coal and Construction Company in the 1970s and throughout the 1990s and that, the president of plaintiff Ambrosia Coal, Carmen Shick, consulted with representatives from Boyd in the early 1990s regarding the instant litigation and that the representatives

of Boyd became privy to confidential information. Plaintiffs asserted that it would be a conflict of interest and against professional ethics for representatives of Boyd to be employed as defendants' expert witness based on Boyd's past dealings with plaintiff Ambrosia Coal and the meetings between Carmen Shick and representatives of Boyd.

On October 16, 2001, in disposition of defendants' emergency motion, the court entered an order disqualifying defendants' expert witness, Boyd, comparing the relationship between plaintiffs and Boyd with that of an attorney-client relationship and applying the same standard of ethics. The court found that there was some question as to whether any privileged or confidential information was provided by plaintiffs to Boyd regarding the matters at issue in the instant case and that defendants were precluded from using any information obtained from Boyd unless previously produced by plaintiffs through discovery.

Defendants have now filed a "motion to reconsider disqualification of the John T. Boyd Company," alleging that the disqualification of Boyd was improper, relying on the affidavits of four representatives of Boyd, namely, Thaddeus Sobek, Ronald L. Lewis, Mark P. Davic, and John T. Boyd II.

In the signed affidavits of Lewis, Davic, and John T. Boyd II, each admits to working on projects in which plaintiff Ambrosia Coal were involved. They emphatically deny, however, that they were made privy to any confidential or privileged information relating to this case

and that the information used by any representative of Boyd, in connection with the expert consultation on behalf of defendants, was obtained through the discovery process and was published data. As to the affidavit of Thaddeus Sobek, the employee at Boyd assigned as the expert to be utilized in defendants' defense, Sobek denies having been involved in any projects with plaintiff Ambrosia Coal and asserts that the information he utilized while acting in the capacity of defendants' expert was obtained through discovery and public records.

Plaintiffs, in response to defendants' motion to reconsider, contend that the court's October 16, 2001 order, disqualifying Boyd from acting as an expert for defendants should be affirmed, because of the affidavit of Carmen Shick, where he states that, in the early 1990s, he spoke with representatives of Boyd concerning the issues involved in the instant case.

A hearing of defendants' emergency motion was conducted, at which the parties presented evidence and oral arguments.

## DISCUSSION

Initially, the court notes that it could find no Pennsylvania state trial or appellate court rulings regarding the disqualification of an expert witness under the circumstances here presented, nor has counsel for either party provided the court with any such authority. However, the federal courts have examined this subject and offer guidance on a trial state court's role and the standard used in determining whether a party's expert witness should be disqualified.

In *Cordy v. The Sherwin Williams Company,* 156 F.R.D. 575, 579 (D.N.J. 1994), the United States District Court for the District of New Jersey held that an analysis of whether to disqualify an expert witness begins with recognizing that courts have the "inherent power to disqualify experts." The standard used in determining whether to disqualify an expert witness must be distinguished from the attorney-client relationship because of the different roles of experts and attorneys for litigation purposes. *Id.* at 580.

A two-step test has been established in the federal courts to consider whether an expert witness should be disqualified. The court must determine whether the moving party had a confidential relationship with the expert, and whether any confidential or privileged information, relevant to the issues being litigated, was disclosed to the expert. *Green, Tweed of Delaware Inc. v. DuPont Dow Elastomers,* 202 F.R.D. 426 (E.D. Pa. 2001). Only if the court finds *both* a confidential relationship between the moving party and the expert, and that confidential or privileged information relative to the litigation was disclosed by the moving party to the expert, and that neither claim was waived, would disqualification of the expert be proper. *Cordy, supra.* The burden of proof rests with the party moving for disqualification. *Id.*

Here, in analyzing the relationship between plaintiff Ambrosia Coal and Boyd to determine whether a confidential relationship existed, the record reflects four signed affidavits and testimonial evidence regarding Boyd's association with plaintiffs in the 1970s and throughout

the 1990s presented by defendants. This evidence revealed that Boyd worked on only two projects for plaintiff Ambrosia Coal which occurred while Boyd was associated with another project involving plaintiff Ambrosia Coal. However, in the third project, Boyd was employed by a different party. The evidence shows that, of the three instances when plaintiff Ambrosia Coal and Boyd were associated, none of the transactions were, in any manner, related to the instant litigation.

While Carmen Shick testified that, sometime in the early 1990s, he instructed Boyd to gather information regarding mineral or coal reserves relevant to the instant case, he also admitted that plaintiffs had ultimately employed another consulting firm and did not utilize any information allegedly obtained by Boyd for plaintiffs. Ronald L. Lewis and Mark P. Davic of Boyd emphatically deny that any discussions occurred with Carmen Shick, in which the instant litigation was discussed. Both adamantly contend that the relationship between plaintiff Ambrosia Coal and Boyd was restricted to two projects and a third project, where Boyd was working for a third party and not plaintiffs.

The fact that discussions may have occurred between plaintiff Ambrosia Coal and Boyd is not alone sufficient to warrant the finding of a confidential relationship between the parties. In *Mayer v. Dell,* 139 F.R.D. 1 (D.D.C. 1991), the federal district court of the District of Columbia, in holding that a confidential relationship did not exist merely because a party and an expert had a meeting concerning a pending lawsuit, found that a confiden-

tiality agreement was never signed, documents relevant to the case were not provided to the expert, and that the meeting was nothing more than a consultation.

Assuming in this case that two discussions regarding the instant litigation did occur between plaintiff Ambrosia Coal and Boyd, the record reflects that no confidentiality agreement was signed by the parties, no documents relevant to the litigation exchanged hands and the meetings were informal consultations. Consequently, like *Mayer v. Dell, supra,* the meetings are insufficient to warrant a finding of a confidential relationship.

Even if a confidential relationship existed, the court must determine whether any confidential or privileged information passed from plaintiffs to Boyd.

Carmen Shick testified he requested Boyd to retrieve information regarding mineral or coal reserves related to the instant case. Defendants, on the other hand, presented affidavits and testimony to support the contention that the information used by Boyd in its capacity as defendants' expert was obtained by defendants from documents produced by plaintiffs through discovery requests or from public records. As plaintiffs failed to refute this evidence, the court finds insufficient evidence to support the conclusion that confidential or privileged information was exchanged between plaintiffs and Boyd.

There being no factual basis to support a finding of a confidential relationship between plaintiffs and Boyd, defendants' expert, and that confidential or privileged information was exchanged between plaintiffs and Boyd relevant to the issues in this case, the court is without

authority to disqualify defendants' expert, Boyd. To otherwise do so would be an abuse of discretion.

Hence, the court shall, by separate order, strike its October 16, 2001 order, and deny plaintiffs' "emergency motion to disqualify defendants' expert witness and prevent disclosure of confidential information."

## ORDER

In accordance with the accompanying opinion, this court's October 16, 2001 order is stricken, and plaintiffs' "emergency motion to disqualify defendants' expert witness and prevent disclosure of confidential information" is denied.

The prothonotary shall properly serve notice of the instant order and attached opinion upon counsel of record.