Domingo GRIOLI, and Ema
Grioli, Plaintiffs,

v.

**DELTA INTERNATIONAL
MACHINERY CORP.,**
Defendant,

Delta International Machinery Corp.,
Third Party Plaintiff,

v.

Brothers Aluminum Corp., Third
Party Defendant.

No. 03–cv–02845–ADS–JO.

United States District Court,
E.D. New York.

Oct. 29, 2005.

David J. Sutton, P.C. by David John Sutton, Esq., Michael J. Cannon, Esq., Anthony N. Elia, Esq., Garden City, NY, for plaintiffs.

O'Connor, O'Connor, Hintz & Deveney, LLP. by Brian T. Deveney, Esq., Melville, NY, for defendant and third party plaintiff.

Herzfeld & Rubin, P.C. by Howard L. Wexler, Esq., New York City, for the third party defendant.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This products liability case involves the interesting question of the attempted disqualification of a plaintiff's expert witness who was formerly a trial counsel for the defendant. Domingo and Ema Grioli (the "Plaintiffs") seek to recover damages for personal injuries based on negligent design, strict liability, and breach of warran-

ty. Domingo Grioli ("Grioli") sustained injuries to his left hand while using a ten-inch bench saw manufactured by the defendant Delta International Machinery Corp. ("Delta" or the "Defendant"). Currently pending is a motion by Delta to exclude the testimony at trial of the Plaintiff's expert Thomas Pilchowski, Esq.

### I. BACKGROUND

The accident occurred as Grioli, a professional carpenter, was cutting a 3.5″ wide piece of plywood from a 10″ × 50–54″ piece. At the time, the saw was not outfitted with a guard known as a "splitter." Grioli was pushing the wood with his right hand while his left hand was holding the plywood towards the guide on the table saw surface. The plywood suddenly jammed halfway through the cut and Grioli's left hand slipped from the wood and moved into the cutting path of the saw blade, severing parts of three of his fingers.

The Plaintiffs seek to offer the testimony of Thomas Pilchowski, Esq. ("Pilchowski"), who, along with being a licensed attorney, is an engineer and inventor. The Plaintiffs intend to call Pilchowski as an expert to testify that the table saw used by Grioli was defective in that it did not have a system to prevent the start-up when the guard was not in the proper place. Pilchowski will offer his patented interlocked blade guard system as evidence of a feasible and safer alternative design. He will testify that an in-place guard would have prevented Grioli's hand from contacting the saw blade and thus it would have avoided his injury.

Pilchowski has been a practicing attorney since 1976 through the State Bar of California focusing primarily on products liability. Beginning in 1978, he has been a partner in the law firm now known as Millard, Pilchowski, Holweger, Child &

Marton. Although Pilchowski states that he retired from the practice of law in 2003, he remains of counsel to the firm. From 1976 through approximately 1992, Pilchowski represented the defendant Delta, and its predecessor Rockwell, in the defense of product liability lawsuits. This defense included representing Delta and Rockwell more than a hundred times in product liability lawsuits involving table saws and other power tools during the period from 1976 to 1992.

During Pilchowski's many years of representing Delta and Rockwell, he was lead counsel in approximately 12 to 15 cases involving bench saws and table saws that went to trial. According to the Defendant, Pilchowski acted as lead defense counsel in several cases which involved some of the same experts as in the present litigation. As lead counsel in these trials, he performed the lay and expert witness depositions, preparations, and trial examinations. In addition, he participated in meetings with Delta principals, in-house counsel, engineers, and risk managers.

## II. *DISCUSSION*

■ The Defendant argues that Pilchowski should be disqualified as an expert witness in this case under the same rules that prevent an attorney from representing an adversary of a former client. While the reasons behind disqualifying an expert witness are similar to those behind disqualifying an attorney that has a conflict of interest, the two scenarios are distinguishable and subject to different standards. *See In re Ambassador Group, Inc., Litigation,* 879 F.Supp. 237, 241 (E.D.N.Y.1994); *EEOC v. Int'l Union of Operating Engineers,* No. 72–2498, 1981 WL 163, at *4 (S.D.N.Y. Feb. 11, 1981). Unlike attorneys, expert witnesses "serve generally as sources of information and not necessarily as recipients of confidences." *Bristol–*

*Myers Squibb Co. v. Rhone–Poulenc Rorer, Inc.,* No. 95–8833, 2000 WL 42202, at *4 (S.D.N.Y. Jan.19, 2000); *see, e.g., English Feedlot v. Norden,* 833 F.Supp. 1498, 1501 (D.Colo.1993) ("The expert disqualification standard must be distinguished from the attorney-client relationship because experts perform very different functions in litigation than attorneys."); *Paul v. Rawlings Sporting Goods Co.,* 123 F.R.D. 271, 281 (S.D.Ohio 1988) (stating that attorneys occupy "a position of higher trust, with concomitant fiduciary duties, to a client than does an expert consultant"). As such, the Court will not apply the stringent attorney-client conflict standards in determining whether Pilchowski should be disqualified as an expert witness for the Plaintiffs. However, as discussed below, Pilchowski's prior representation of the defendant is certainly relevant to the Court's inquiry.

■ A federal court has the inherent power to disqualify an expert witness. *See Koch Ref. Co. v. Jennifer L. Boudreaux M/V,* 85 F.3d 1178, 1181 (5th Cir.1996). "This power derives from the court's 'judicial duty to protect the integrity of the legal process.'" *In re Ambassador Group,* 879 F.Supp. at 241 (quoting *Wang Labs., Inc. v. Toshiba Corp.,* 762 F.Supp. 1246, 1248 (E.D.Va.1991)); *see also Space Sys./Loral v. Martin Marietta Corp.,* No. 95–20122, 1995 WL 686369, at *2 (N.D.Cal. 1995). That said, the instances of expert disqualification are rare, and courts have not developed the kind of bright line rules for expert disqualification as there are in attorney conflict cases. *See Koch,* 85 F.3d at 1181.

The courts that have encountered the issue of an expert who formerly had a relationship with an adverse party have employed a three part test to determine whether the expert should be disqualified: (1) was it objectively reasonable for the

first party who retained the expert to conclude that a confidential relationship existed; (2) was any confidential or privileged information disclosed by the first party to the expert; and (3) does the public have an interest in allowing or not allowing the expert to testify. *See Koch,* 85 F.3d at 1181; *Rodriguez v. Pataki,* 293 F. Supp.2d 305, 311 (S.D.N.Y.2003); *In re Ambassador Group,* 879 F.Supp. at 241; *Topps Co. v. Productos Stani Sociedad Anomina Indus. y Commercial,* No. 99–9437, 2001 WL 406193, at *1 (S.D.N.Y. Apr. 20, 2001); *Bristol–Myers Squibb,* 2000 WL 42202 at *4; *Michelson v. Merrill Lynch Pierce Fenner & Smith, Inc.,* No. 83–8898, 1989 WL 31514 (S.D.N.Y. March 28, 1989); *Nikkal Industries, Ltd. v. Salton, Inc.,* 689 F.Supp. 187 (S.D.N.Y.1988); *Int'l Union,* 1981 WL 163 at *5; *see also, English Feedlot,* 833 F.Supp. at 1502; *Wang,* 762 F.Supp. at 1248; *Palmer v. Ozbek,* 144 F.R.D. 66, 67 (D.Md.1992); *Mayer v. Dell,* 139 F.R.D. 1, 3 (D.D.C.1991).

■■■ The burden is on the party seeking disqualification to establish these elements. *See Rodriguez,* 293 F.Supp.2d at 311. Thus, "[g]enerally, disqualification 'should not occur where a confidential relationship existed but no privileged information was communicated, or, alternatively, where no confidential relationship existed but privileged information was nonetheless disclosed.'" *In re Orthopedic Bone Screw Products Liability Litigation,* No. MDL 1014, 1995 WL 925673, *3 (E.D.Pa. May 5,1995) (quoting *Mayer,* 139 F.R.D. at 3 (citations omitted)). Nevertheless, the Court recognizes that disqualification may be particularly appropriate where there is the potential that confidences may have been disclosed. *See Marvin Lumber & Cedar Co. v. Norton Co.,* 113 F.R.D. 588, 591 (D.Minn.1986). *But see Mays v. Reassure America Life Insurance Co.,* 293 F.Supp.2d 954, 956–57 (E.D.Ark.2003)

("Nothing in the Federal Rules limits the right of a party to call as its expert witness a person who might have been consulted by an opposing party."); *Procter & Gamble Co. v. Haugen,* 184 F.R.D. 410, 412–13 (D.Utah 1999) (holding that there is no provision in Federal Rules providing for disqualification where expert has consulted with other side).

■■■ In this case Pilchowski's prior representation of the Defendant as an attorney was extensive and lengthy. As to the governing elements, first, there is no dispute that a confidential relationship existed when Pilchowski represented the Defendant as trial counsel. Second, during the sixteen years that Pilchowski represented Delta and Rockwell, he had access to confidential information that is particularly relevant to the instant case. Such confidential information includes the litigation strategies for the defense of bench saw and table saw personal injury products liability cases; the assessment of the strengths and weaknesses of these types of cases; and the anticipated defenses for these types of cases. His confidential information involved some of the very same issues as are present in this case.

Notably, the Plaintiffs' expert designation of Pilchowski specifically states that he served as defense counsel for Delta, representing Delta in the State of California in numerous personal injury actions involving finger amputations from the use of Delta table saws. According to Pilchowski, the allegations in "every table saw case [he] defended" involved a claimed defect related to saw blade guarding; the very same issue involved in this case. (Pilchowski Dep. at 98–101).

Based on Delta's submission, it has shown that it disclosed to Pilchowski its judgments on the safety, design, and alternatives to the same table saw at issue in this case. Pilchowski's proposed testimo-

ny in this case about his patented interlocked blade guard system will necessarily involve a consideration of his experience with the saw and the confidential information he was privy to as counsel for the defendant. In addition, the testimony may involve his prior discussions with principals of the Defendant and raise the potential for a breach of Delta's confidences. *See e.g., Bristol–Myers Squibb*, 2000 WL 42202 at* 5 (disqualifying an expert witness who had a longstanding professional relationship with the adversary).

Finally, as to the third element—the public interest—there is no showing that Pilchowski is a testimonial expert who is being deprived of his livelihood. *See id.; English Feedlot*, 883 F.Supp. at 1505. Accordingly, the Court disqualifies Thomas Pilchowski, Esq., from presenting expert testimony on behalf of the Plaintiffs in this case.

### III. *CONCLUSION*

For all the foregoing reasons, it is hereby

**ORDERED**, that Delta's motion to exclude the expert testimony of Thomas Pilchowski, Esq., is GRANTED.

**SO ORDERED.**