OPINION OF THE COURT
Herbert Kramer, J.
Is the established inquiry used to determine whether an expert should be disqualified appropriate in cases of seriatim retention of an expert? The two-pronged inquiry utilized to determine whether disqualification is appropriate is applicable to the instant situation, and the movant has failed to meet that burden.
Fimor Construction & Development Corp. moves to disqualify plaintiffs trial expert witness, Brian E. Flynn, EE.[1] Defendants 1319 50th Realty Corp. and Hiachus Avreichim of Vein (the Synagogue) join the motion.[2]
This action arises from damage allegedly caused to plaintiffs apartment building by construction taking place on the abutting property. At some time prior to the commencement of the action, when it became apparent that plaintiffs property was being damaged, the parties attempted to resolve the problem. Mr. Flynn was contacted in order to devise a means to rectify any damage to plaintiffs property and ensure that no additional damage would occur. He was paid directly by the Synagogue.
Mr. Flynn testified that he was also hired to conduct controlled inspections of the excavations and underpinning at the construction site. He believed that he was retained to protect plaintiffs property. Furthermore, he had several meetings with the plaintiff to discuss the construction and attendant issues. He does not dispute being paid directly by the Synagogue.
During the course of Mr. Flynn’s employment he was privy to plans prepared by defendant Mr. Keller, the architect for the construction project, depicting underpinning sequences, complete sets of approved plans, including zoning, demolition, architectural, structural, mechanical, support of excavation and other plans which were publicly filed. Movant relies upon these *669 disclosures as evidence of Mr. Flynn’s confidential relationship to defendants. The evidence of disclosure of publicly filed documents is insufficient to establish that confidential information was given to Mr. Flynn.
Defendants submitted the deposition transcripts of Mr. Flynn and Mr. Jack Weingarten of Fimor. Mr. Weingarten testified that Mr. Flynn had the “ultimate say to what the project should look like,” that the engineers recognized that Mr. Flynn “knew what he was talking about” and that Mr. Flynn worked closely with J.T. Concrete in connection with the underpinning of the wall under the plaintiff’s property. The Synagogue has offered no testimony establishing a reasonable expectation of a confidential relationship between Mr. Flynn and the Synagogue.
It is within the court’s inherent power to disqualify an expert witness to preserve the fairness and integrity of the judicial process. (Roundpoint v V.N.A., Inc., 207 AD2d 123 [3d Dept 1995].) Disqualification of an expert witness is required only if it was “objectively reasonable for the party claiming to have initially retained the expert to conclude that a confidential relationship existed between them and then, secondly, [that] confidential or privileged information was disclosed by said party to the expert.” (Id. at 125.) If both inquiries are answered in the affirmative then disqualification is required, while negative responses to either inquiry will likely result in finding that disqualification is unnecessary. (Id.) It is the moving party’s burden to establish the requisite reasons for disqualification. (Grioli v Delta Intl. Mach. Corp., 395 F Supp 2d 11 [ED NY 2005], citing Rodriguez v Pataki, 293 F Supp 2d 305, 311 [SD NY 2003].)
Generally this issue arises when an expert was employed by a party in an unrelated matter and then is poised to testify against his former client. However, in this matter, the parties were aware from the inception of Mr. Flynn’s employment that he served in a dual capacity. The movant has not proposed any grounds to veer from the standard set for disqualification. Regardless of the order of employment the essential reasons for disqualification are confidentiality and fairness. Especially in this matter, where Mr. Flynn seems to be an essential piece of plaintiff’s prosecution of the action, disqualification would be inequitable without substantiated reasons.[3] This court holds *670 that even where an expert is retained by both parties seriatim the proper analysis is the established two-pronged inquiry.
Therefore, the movant has failed to meet the burden to disqualify an expert. There has been no evidence submitted that establishes that either party reasonably believed that a confidential relationship existed. Furthermore, the movant alleges that there possibly could have been confidential materials provided to Mr. Flynn. However neither the movant nor the Synagogue have alleged that confidential information was actually disclosed to Mr. Flynn. It would therefore be baseless to disqualify Mr. Flynn at this time. Therefore, the motion is denied with leave to renew upon admissible evidence of a reasonable expectation of confidentiality and/or the disclosure of confidential materials.

. Fimor seeks additional relief, which seems to be resolved at this time and therefore will not be addressed.

. Initially plaintiff asserted that as Fimor was not the party who hired Mr. Flynn they lacked standing to bring this motion. However, as the Synagogue joins the motion that issue is moot.

. Fimor alleges that an action may be commenced against Mr. Flynn arising from his involvement in this action. As that has yet to occur that too is insufficient for disqualification.